## Taylor *against* Morgan.

3 W　333
208　²609

3w　333
41SC ²159

In an action of trover for a promissory note, certainty of description in the declaration, to a common intent, is all that is required.

The measure of damages in an action of trover for a promissory note, is not always confined to the amount of the note and interest; circumstances of aggravation in the conversion may entitle the plaintiff to greater damages for detention.

ERROR to the common pleas of *Alleghany* county.

This was an action of trover and conversion by James Morgan against George W. Taylor, in which the plaintiff thus described the note which was the subject of the action. "That whereas the said James heretofore, to wit, &c., at &c. was lawfully possessed as of his own property of a certain promissory note in writing, made and drawn by one William Williams, whereby he, the said William Williams, promised to pay to the said James Morgan a certain sum of money, to wit, the sum of 29 dollars, at a certain time therein mentioned and now past, &c."

And the plaintiff to support the declaration offered in evidence a paper in these words.

　　　　　　　　　　　　　　　　"November 2d, 1825.

"Due James Morgan 29 dollars, value received, for work done by him.

　　　　　　　　　　　　　　　　"WILLIAM WILLIAMS."

[Taylor v. Morgan.]

The defendant objected to the evidence on the ground of variance between it and the declaration, but the court overruled the objection and sealed a bill of exception. The court (Shaler, president) instructed the jury that the measure of damages was not confined to the amount of the note and interest, but they might also allow additional damages for the detention, if they believed the circumstances of the case justified it. This was assigned for error.

*Ross*, for plaintiff in error, cited, 3 *Stark*. 150; 3 *Swift's Dig*. 536; Jacoby *v*. Laussat, 6 *Serg*. & *Rawle* 306; Steel *v*. Inland Lock Nav., 2 *Johns*. 282; *Wheat. Selwyn* 1076; 2 *Tidd* 923; 3 *Camp*. 477.

*Watts*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—There is no substantial variance between the description of the instrument in the declaration, and the evidence offered. In the due-bill, as it is called, there is an acknowledgement of indebtedness, which includes a promise to pay, which, although not in form a promissory note under the statute, may well come under that description in a declaration in trover. Though a promissory note under the statute must be in writing, there are no precise words necessary to be used in a note, or bill. Morris *v*. Lee, *Lord Raym. Rep*. 1396; *Chitty on Bills* 41.

Certainty to a common intent is all that is required, and in this case the record would support a plea in bar to another suit, with a different description.

Next as to the damages. In general, the value of the article at the time of the conversion is the measure of damages. To this the jury may add interest for the detention; and when there is any tort accompanying the conversion, that may enhance the damages beyond the real value of the thing. Fisher *v*. Prince, 3 *Burr*. 1365; People *v*. Barrett and Ward, 1 *Johns. Rep*. 65; Wilson *v*. Gibbs and Conine, 2 *Johns. Rep*. 280. In Pennsylvania, in trover, the value of the property is usually the measure of the damages, although the jury are justifiable in going further, when there has been an outrage in the taking, or vexation or oppression in the detention. 6 *Serg*. & *Rawle* 430. The conversion is a tort which may, under some circumstances, be an injury of a very serious nature. It is easy to conceive cases where the measure of damages which is in general given would be a very inadequate remedy. As when a merchant's commercial securities are withheld from him by a depository, or bailee, it may be to the entire ruin of his commercial credit. In the case at bar trespass would not lie; trover is the only remedy. When there is more than an ordinary wrong, either in the taking or the detention, justice seems to require something in addition, as a compensation to the injured party, and a punishment to the wrongdoer. Mercer *v*. Jones, 3 *Camp*. 476, has been greatly relied on by the

[Taylor v. Morgan.]

counsel in error. That was trover for a bill of exchange. The question was how the damages were to be calculated. "In trover," says lord Ellenborough, "the rule is, that the plaintiff is entitled to damages equal to the value of the article converted at the time of the conversion. There is no reason why this rule should not be applied to trover for a bill of exchange. The damages, therefore, in this case must be calculated by the amount of the principal and interest due upon the bill of exchange at the time of the demand and refusal to deliver it up. In Mercer *v.* Jones, the court do nothing more than apply the general rule to a bill of exchange, and declare the value of the bill to be the principal and interest at the time of the conversion. There was no outrage in the taking, nor does it appear that there was any vexation or oppression in the detention. The decision of the court in no way interferes with the exception to the general rule, which is as well settled by authority as the rule itself.

Judgment affirmed.