# Stuart *versus* Bigler's Assignees.

1. Where an action is brought to recover a debt for which collateral security has been given, it is incumbent on the plaintiff either to produce and restore the collateral security, or to account satisfactorily for its non-production.

2. The plaintiff cannot escape this duty by showing that the collateral security subsequent to its deposit has become worthless, since *non constat*,

[Stuart *v.* Bigler's Assignees.]

but that he may have disposed of it to advantage while it still was of value.

3. A. borrowed a sum of money from B., depositing certain coupon bonds as collateral security. B. afterwards becoming insolvent made an assignment for the benefit of creditors, leaving his affairs in great confusion. His assignees failed to find among his assets the identical bonds deposited by A., but discovered many other bonds of the same kind. Said bonds, although, at the time of their deposit, of considerable value, had, in the meantime, become worthless. A. tendered to the assignees the full amount of his debt, demanding from them the bonds deposited by him. These they declared themselves unable to restore, but tendered instead a like number of the similar bonds found by them among B.'s assets. This tender A. refused to accept. In an action by the assignees against A. to recover the amount of money loaned to him by B. : *Held*, that there was evidence to go to the jury of a conversion of the bonds by B., and that if the jury found that there had been such conversion, plaintiffs were not entitled to recover without accounting to defendant for the proceeds of said bonds. *Held* further, that the burden was upon the plaintiffs to rebut the *prima facie* presumption that such a conversion had taken place, by either producing the bonds or satisfactorily accounting for their non-production, and that in case they failed to do this they were not entitled to recover. *Held* further, that the tender by the plaintiffs of the other bonds found among B.'s assets, of the same kind as those deposited by A., was not good, for the reason that there was no proof that those bonds had been continuously in B.'s possession from the time of the loan by him to A., and might have been purchased by him after they became utterly worthless.

4. *Semble*, that if said bonds had been in B.'s possession from the time of the loan by him to A., the tender of them by the plaintiffs would have been good, and A. would have been bound to accept them.

May 18th 1881.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Dauphin County* : Of May Term 1881, No. 85.

This was an issue between John A. Bigler to the use of his assignees, G. Jordan and George W. Porter, plaintiffs, and Wm. P. Stuart, defendant, to test the validity of a judgment entered by plaintiff upon a judgment note given by defendant.

On the trial, before PEARSON, P. J., the following facts appeared : Stuart, on February 24th 1874, applied to John A. Bigler for a loan of $500, offering as security six coupon bonds for $100 each, issued by the Masonic Hall Association of Harrisburg. These bonds were then worth in the market their face value. Bigler agreed to advance the money, telling Stuart that he had already a number of the same bonds, held by him as collateral for loans to others. Stuart accordingly gave Bigler his note for $500, at sixty days, drawn to Bigler's order, and deposited his bonds, receiving from Bigler

2 OUTERBRIDGE—6

[Stuart *v.* Bigler's Assignees.]

$500 in cash. He paid interest on the note until December 24th 1874, but not afterwards.

On October 25th 1875, Stuart called at the office of Bigler's attorney, by appointment. The latter produced a judgment note for $525.10, being the amount of the loan, with interest, which he requested Stuart to sign. Stuart did so, receiving back his sixty-day note. The same day the judgment note was entered up.

About two weeks afterwards Stuart met Bigler on the street and asked him whether the judgment was not sufficient security without the bonds. Bigler replied, "Oh, no. When you pay the money we will give you the bonds and note both back."

In 1876 Bigler became insolvent, and on September 7th of that year made an assignment for the benefit of his creditors. His affairs were found to be in great disorder. Among the assets which passed to the assignees were many bonds similar to those deposited by Stuart, but not those identical bonds.

On January 20th 1880, Stuart presented a petition to the court for a rule to show cause why the judgment against him should not be opened and he let into a defense. The rule was afterwards made absolute, and defendant thereupon pleaded payment with leave, &c. Before trial of the cause Stuart called on Jordan and demanded his bonds, tendering debt, interest and costs. Jordan said he was unable to produce the identical bonds, but tendered six others of the same kind, which had been found among Bigler's assets. This tender Stuart refused. At the trial Stuart made a like tender and demand. The bonds had remained at par for some time after February 1874, but after April 25th 1876 had become utterly worthless.

The defendant requested the court to charge, in substance, that the plaintiffs were not entitled to recover unless they produced and restored to defendant the identical bonds deposited by him with Bigler, or unless they satisfied the jury that said bonds were lost, or, at least, not sold by Bigler to others. That from the facts in the case the jury might infer that Bigler had sold the bonds, and that if they so found, the plaintiffs having failed to give an account of the proceeds of said sale, could not recover. Finally, that in any event the plaintiffs were bound to show that Bigler had not sold the bonds deposited by defendant, before they could tender other bonds of the same kind to defendant.

The court refused all the defendant's points and gave a binding instruction to find for the plaintiffs. Verdict and judgment accordingly. Defendant thereupon took this writ, assigning for error the refusal of his points by the court and the binding instruction to find for the plaintiffs.

[Stuart v. Bigler's Assignees.]

*Levi B. Alricks* and *Ovid F. Johnson*, for plaintiff in error, cited : Smith *v.* Rockwell, 2 Hill (N. Y.) 482 ; Spalding *v.* Bank, 9 Barr 31 ; United States *v.* Peabody, 8 Harris 456 ; Lishy *v.* O'Brien, 4 Watts 142 ; Mullen *v.* Morris, 2 Barr 87 ; Girard Fire and Marine Insurance Co. *v.* Marr, 10 Wright 504 ; Kemmerer *v.* Wilson, 7 Casey 110 ; Hanna *v.* Holton, 28 P. F. S. 334 ; Ocean National Bank *v.* Fant, 50 N. Y. 474 ; Simes *v.* Zane, 1 Phila. 501 ; Ashton's Appeal, 23 P. F. S. 153 ; Lyon *v.* Huntingdon Bank, 12 S. & R. 61.

*L. W. Hall* and *Eugene Snyder*, for defendants in error.—We admit, in accordance with the authorities cited by plaintiff in error, that, under ordinary circumstances, we would be bound to produce and return the collaterals.   But here there is no obligation upon us to do this, since the collaterals have become worthless.   We were not bound to sell the collaterals (Robinson *v.* Hurley, 11 Iowa 410 ; O'Neill *v.* Whighan, 6 Norris 394), although Stuart had it in his power at any time to force us to do so : Granite Bank *v.* Richardson, 7 Met. 407.   Only in case actually so sold would the value realized amount to payment *pro tanto :* Rice *v.* Catlin, 14 Pick. 221 ; Middlesex Bank *v.* Minot, 4 Metc. 325.   Otherwise, Stuart ran all the risk of depreciation.   He might also have avoided this, had he pleased, by tendering payment while the collaterals were still of value, and demanding them back : In re Kettera's Estate, 5 Harris 424 ; Androscoggin R. R. Co. *v.* Auburn Bank, 48 Me. 335.

Even if we were bound to restore the collaterals our tender of the same kind of bonds was sufficient : Weeks on the Doctrine of *damnum absque injuria* 106.   There was no evidence to go to the jury of Bigler's having converted the bonds.   The judgment should therefore be affirmed.

Mr. Justice Paxson delivered the opinion of the court, October 3d 1881.

The fact that the bonds deposited by the defendant below with John A. Bigler, to secure the former's note for $500, had become worthless, would not of itself constitute a valid defense to the note in suit.   Bigler had no power to sell the bonds, and the defendant gave him no instructions to do so.   Hence, if they remained in Bigler's hands the depreciation thereof must fall upon the defendant.   His remedy was to order their sale, or pay his note and take up the bonds.   It appears, however, that the bonds were not in Bigler's possession at the date of the assignment.   They did not pass to the assignees as a part of the assets, nor have the assignees been able to find them, after diligent search.

It is incumbent upon the assignees, before they can recover. against the defendant, to produce the bonds or account for them This is sustained by abundant authority : Ocean National Bank *v.* Fant, 50 N. Y. 474; Spalding *v.* Bank, 9 Barr 28 ; Bank *v.* Peabody, 8 Harris 454; Story on Promissory Notes, 445, 448 ; Edwards on Bills, 503, 4 ; Smith *v.* Rockwell, 2 Hill, 482. It is not a sufficient answer to say that as the bonds are now of no value their non-production is *damnum absque injuria*. At the time they were deposited with Mr. Bigler, and for a considerable time afterwards, they were worth par. The fact that they were not in his possession at the time of his failure is evidence to go to the jury of a conversion of the bonds by Bigler. This, however, may be explained or rebutted by showing what he did with them. The burden of proving this was upon the plaintiffs below. This burden cannot be shifted upon the defendant by reason of Bigler's absence or the confusion in which he left his papers and his business generally. These are matters for which the defendant is not responsible.

During the trial below the defendant made a tender of the debt, interest and costs, and demanded his bonds. The plaintiffs were unable to produce the bonds, but produced and offered other bonds of similar character, identical with those in controversy save in the numbers. These the defendant refused. The tender of the bonds was not good, for the reason that there was no proof they had been continuously in Bigler's possession. They might have been purchased after they had become worth less. Had there been proof that the bonds offered to defendant had been in Bigler's possession from the time he made the loan to defendant to the time of the assignment, it would have been sufficient, under the authority of Gilpin *v.* Howell, 5 Barr 41, where it was held that " where one purchases stock for another, and takes a transfer on the books of the bank into his own name, it is sufficient if he always retain so much of the same stock as will enable him to transfer to his principal, on demand, the whole amount purchased for him, and that it is not necessary that he should retain the identical scrip or shares."

If, therefore, Bigler had always retained on hand six $100 coupon bonds of the Masonic Hall Association of the city of Harrisburg, as the collateral to defendant's note, it would not matter that the defendant's bonds had by accident been mixed with other bonds of like character, and disposed of to other parties. Under such circumstances the tender of any other six similar bonds would have been sufficient. As the case stands there is nothing to show that Bigler did not sell defendant's bonds at their face value, and replace them with other bonds after their depreciation. It is not for the defendant to show a

sale or conversion by Bigler, if such be the fact. It is for the plaintiffs to account for the bonds. There is no hardship in this rule. They or their assignors are the only persons presumed to have knowledge of the transaction. When they attempt to perform this duty the defendant will have an opportunity of learning what became of his property.

I have indicated the principles which should rule this case, without referring specifically to the numerous assignments of error. What has been said sufficiently covers the case.

> Judgment reversed, and a *venire facias de novo* awarded.