WEGNER, Respondent, vs. THE SECOND WARD SAVINGS BANK, Appellant.

*February 26 — March 18, 1890.*

BANKS AND BANKING. *(1) Savings deposits: Loss of pass-book: Replevin: Joinder of causes of action. (2) Measure of damages. (3) Notice of withdrawal of deposit. (4) Payment to wrong person: Negligence: Court and jury. (5) Notice of loss of pass-book: Negligence. (6) Improper remarks in argument to jury.*

1. A complaint alleged that plaintiff had deposited a certain sum in the defendant bank; that such deposit was evidenced by a pass-book, the value of which was the amount of the deposit; that such

pass-book had been wrongfully taken from the plaintiff and had come to the possession of the bank, which refused to deliver it to the plaintiff. Judgment was demanded for the recovery of the possession of the pass-book, or for the value thereof, and for damages. *Held*, that the complaint stated only a cause of action in replevin.

2. The plaintiff's recovery, in such case, properly included interest at seven per cent. on the value of the pass-book, according to the ordinary rule ot damages, although the deposit drew interest at three per cent. only.

3. A regulation requiring written notice to be given at least thirty days previous to the withdrawal of savings deposits, is not solely for the benefit of the bank, but is intended also to protect the depositor against fraud or forgery.

4. A savings deposit having been paid without such notice to a person presenting the pass-book and fraudulently personating the depositor, it is *held*, upon the evidence, that it was a question for the jury whether the officers of the bank were negligent.

5. The depositor was shot and seriously wounded on Sunday afternoon by the person who stole the pass-book and drew the money. He was removed to the hospital in the evening, and on the next morning endeavored to have some one look after his valuables, but the bank had paid the money before the loss of the pass-book was discovered. *Held*, that negligence could not be imputed to the depositor for his failure to notify the bank of the loss.

6. Remarks by plaintiff's counsel in his argument to the jury, as to the amount of deposits in the defendant bank and the rate of interest received by it, are *held* to have been harmless.

APPEAL from the Superior Court of *Milwaukee* County.

Replevin. The complaint, after alleging the incorporation of the defendant bank, proceeds as follows:

"That the plaintiff, prior to the 2d day of July, 1888, had deposited moneys with said defendant, and had a savings account with said defendant, who then owed this plaintiff on said account the sum of $710.50, which amount was evidenced by an account or pass book of the defendant, which was designated as 'Savings Account or Pass Book No. 25,898;' that said savings account or pass book was the property of this plaintiff, and the evidence of the debt aforesaid, and was and is of the value of $710.50.

" That on or about the 2d day of July, 1888, at the city of Milwaukee, in said county, one Albert Ebersen *(alias* Albert Erberns) wrongfully took said account or pass book from the possession of the plaintiff, and unjustly detained the same; that thereafter the same came to the possession of the defendant, who refuses to deliver it to the plaintiff, although, on or about the 27th day of July, A. D. 1888, the plaintiff duly demanded the delivery of the same by the defendant to said plaintiff, but notwithstanding the premises, said defendant did detain, and still unjustly detains, the same from this plaintiff, to this plaintiff's damage $750.

" Wherefore the plaintiff demands judgment against the defendant for the recovery of the possession of said account or pass book, or for the sum of $710.50, the value thereof, in case a delivery thereof cannot be had, together with $40, his damages, and the costs and disbursements of this action."

The defendant demurred to the complaint on the grounds (1) that there is a defect of parties defendant; (2) that several causes of action are improperly united; and (3) that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled.

The defendant thereupon answered, denying that it unjustly detains the savings account or pass-book in question, and alleging that such pass-book is the property of the defendant. The answer further alleges that the deposit was made by the plaintiff subject to certain by-laws and regulations, printed in the pass-book, among which was the following:

" *Seventh.*   Written notice of the loss of the deposit book must be promptly given to the bank by or on behalf of the depositor, and if not so given the bank will not be responsible for payments made to any party presenting such book, other than the depositor, it being impossible for the officers of the bank to know or identify every depositor."

The answer further alleges that on July 14, 1888, the

bank received notice that the pass-book in question had been lost or stolen from the plaintiff; that on July 2, it had paid the sum appearing to be due by said pass-book to a person holding the same, and who was identified as the person to whom it was issued, and supposed by the defendant to be such person; and that upon such payment the pass-book was surrendered to the defendant. The answer further alleges that written notice of the loss of the book was not promptly given to the defendant as required by rule seven above quoted.

On the trial the jury returned a special verdict as follows: "(1) Was it the plaintiff to whom the defendant paid the $710.50 on July 2, 1888? *Answer.* No. (2) Was the plaintiff guilty of negligence which caused or contributed to the payment of such money to the wrong party? *A.* No. (3) Was the defendant guilty of negligence in the payment of such money to the wrong party. *A.* Yes." The court added a general verdict in favor of the plaintiff, finding the value of the pass-book to be $710.50, and assessing the damages for its detention. From the judgment entered on such verdict the defendant appeals.

For the appellant there was a brief by *Howard & Schmitt,* and oral argument by *Samuel Howard.* They contended, *inter alia,* that if the officers of the bank, after using reasonable care and diligence, made payment upon the presentation of the depositor's book to one apparently in the lawful possession of it as owner, the true depositor is bound by the payment. *Levy v. Franklin S. Bank,* 117 Mass. 448; *Goldrick v. Bristol Co. S. Bank,* 123 id. 320; *Donlan v. Provident Inst.* 127 id. 183; *Kimins v. Boston F. C. S. Bank,* 141 id. 33; *Sullivan v. Lewiston Inst.* 56 Me. 507; *Burrill v. Dollar S. Bank,* 92 Pa. St. 134; *Hayden v. Brooklyn S. Bank,* 15 Abb. (N. S.), 297; *Kelly v. Emigrant S. Bank,* 2 Daly, 227; *Schœnwald v. Metropolitan S. Bank,* 57 N. Y. 418; *Appleby v. Erie Co. S. Bank,* 62 id. 12.

For the respondent there was a brief by *Winkler, Flan-
ders, Smith, Bottum & Vilas*, and oral argument by *E. H.
Bottum*.

COLE, C. J. It is a mistake to say that the complaint in
this case contains more than one cause of action. It is
plainly an action of replevin to recover the pass-book de-
scribed, and nothing else. It is assumed that the complaint
attempts to state a cause of action upon contract, or for
the recovery of money deposited with the bank. This is
not our construction of the complaint. The action is to re-
cover the possession of the pass-book. This pass-book con-
tained the contract of the parties, the rules and regulations
as to the withdrawal of money by the depositor, and the
evidence of the amounts deposited, with interest on the
same. It was in the nature of a certificate of deposit, and
was valuable to the owner. We suppose replevin would lie
to recover the possession of the pass-book on the same
ground that the action would lie to recover a note or bond
by the legal owner. There is no difference in principle be-
tween the cases. The pass-book contained the contract and
regulations as to the withdrawing of deposits, and, being
the property of the plaintiff, he was entitled to its posses-
sion. The correctness of this view seems to us too plain
for argument. The case of *Davis v. Lenaware C. S. Bank*,
53 Mich. 163, has no application to the question we are con-
sidering, as an examination of the case will show. As be-
tween the defendant bank and the plaintiff, it is clear, upon
the evidence, that the latter had the lawful right to the pos-
session and control of the pass-book.

A number of exceptions were taken to the rulings of the
trial court in admitting or excluding testimony. We shall
not notice these exceptions, further than to observe that we
do not think there was any error in the rulings of the
court on that branch of the case. Some of the questions

asked the witnesses and admitted under objection were clearly competent, while others were unimportant and could not have prejudiced the defense.

The real question in the case, and the only one worthy of any contest, is, Did the bank, in good faith and without negligence, pay the amount which the pass-book showed the plaintiff had to his credit in the bank upon the presentation of such pass-book by a person who had stolen, or fraudulently obtained the possession of, such book, and who fraudulently personated the plaintiff and signed his name to the receipt; no notice having been given at the time to the bank that the book was stolen. Now that was a question of fact for the jury to determine from all the facts and circumstances disclosed by the evidence. It is very clear to our minds that it was not a question of law for the court to decide. The jury found, on a question submitted, that the defendant was guilty of negligence in the payment of the money to the wrong party. If there was evidence which warranted that finding, it is conclusive so far as the liability of the defendant is concerned; and we think there was ample testimony to justify such a verdict. We shall not refer to this testimony in detail. Suffice it to say the jury was directed by the court to recall the testimony of the officers of the bank, and of other witnesses produced on its behalf, as to the circumstances under which the money was paid to the party who came with the pass-book, and as to what precautions the bank took to identify such party, and all that was said and done in the matter bearing upon the question of negligence as the court had defined the term, and then find as the fair preponderance of the evidence indicated the facts to be. The court had instructed that the bank would not be responsible unless its officers had failed to observe, for the protection of the interests of another person, that degree of care, precaution, and vigilance which the circumstances justly demanded,

whereby such other person suffered a loss or injury. In other words, it must appear that there was a failure on the part of those connected with the bank to do what reasonable and prudent persons would ordinarily do under the existing circumstances, or it must appear that they did not do what such a person would have done, exercising reasonable care and precaution. It seems to us that this charge fairly submitted the question as to whether the defendant was negligent in paying the money to the wrong party.

It is admitted that the bank made the payment to a party fraudulently personating the plaintiff in the forenoon of the 2d of July. Among the regulations printed in the pass-book, as to the withdrawal of deposits, was one requiring a previous notice thereof, in writing, of at least thirty days, to be given by the depositor, for all sums of $50 and over. No such notice was given or insisted upon in this case. It is said that this rule as to notice for withdrawing deposits was one solely for the benefit of the bank, which it could waive; but we think it was intended, also, to protect the depositor against fraud or forgery. Certainly, if the rule had been observed in this case, or insisted upon, there would have been no loss to anyone. It is true the defendant paid the money to a party presenting the pass-book; but there were circumstances calculated to raise suspicion, and which did make the agents of the bank doubt as to his being the man he personated. The marked dissimilarity between the name of the plaintiff as this party wrote it, and the genuine signature in the defendant's signature book, arrested the attention of such agents; and they required some one to identify him as the plaintiff, which request he attempted to comply with.

But it was for the jury to say, in view of all the facts attending the transaction, whether or not the agents of the bank exercised reasonable care and diligence in the means they employed to identify the person to whom the money

was paid, and who presented the pass-book, with the real depositor and owner of the pass-book. If they did not exercise that degree of care and diligence, there can be no doubt that the bank is answerable for the consequence of their mistake as to the identity, and for paying the money to the wrong party. The jury having found against the defendant upon that issue, further discussion of that question is uncalled for.

The court likewise submitted the question whether the plaintiff was guilty of any negligence which caused or contributed to the payment of the money to the wrong party. The jury found that he was not, which was the only possible conclusion that could be reached upon the evidence. The only ground on which negligence could be imputed to the plaintiff was his failure to promptly give the bank notice of the loss of the pass-book. But, under the circumstances, no negligence could be predicated on that ground. The plaintiff was shot and seriously wounded by Ebersen, either accidentally or intentionally, on Sunday afternoon. Ebersen was the man who stole the pass-book and drew the money. The plaintiff remained in the barn where he was shot until the evening of that day, when, by the advice of the physician who had been called, he was removed to the hospital. The next morning he endeavored to communicate with his friends and have some one look after his valuables, including the pass-book. But it was not ascertained that the pass-book had been stolen until after the bank had paid the money on the forenoon of the next day after he was shot. Such being the undisputed facts, there was no ground upon which negligence in failing to give the bank notice of the loss of the pass-book could possibly be predicated.

Some criticisms were made upon the charge of the trial court, but we think it is unexceptionable; and it substantially covers the instructions which were asked on the part of the defendant.

In arguing the case to the jury, one of the plaintiff's counsel used the following language: "For many years I have watched the report [report of the defendant bank], and their deposits are over $3,000,000," — to which language counsel for defendant objected, and asked to have the remark taken down. Plaintiff's counsel, continuing, said: "They [the bank] make three to four per cent. on all the loans they make," — to which defendant's counsel objected, and took exception to both remarks. We deem these remarks harmless. At least, they do not call for any strictures. They stated, in effect, to the jury, the reports made by the bank as to the amount of their deposits, which were facts probably within the knowledge of the jury themselves. What was said as to the rate of interest the bank made on its loans could not have harmed any one. Besides, there was no ruling of the court as to the propriety of these remarks, further than an admonition to the counsel to confine his remarks to the testimony in the case. That was all the action the court took in the matter.

To the special verdict of the jury the court added a general verdict, finding the value of the pass-book, and assessing damages for its unlawful detention. This general verdict was added pursuant to the consent and stipulation of the attorneys for the parties. The court found the value of the pass-book to be $710.50, the amount which, upon its face, appeared to be due the plaintiff. *Prima facie*, this was the value of the pass-book to him. The court gave interest on this sum at the rate of seven per cent., according to the ordinary rule, from the time the bank refused to deliver the pass-book on demand up to verdict. It is said, because the deposit only drew interest at the rate of three per cent., the interest on the recovery should not exceed that rate. But, as we have said, this is an action of replevin to recover the pass-book, and the ordinary rules as to damages apply to it. We can perceive no ground for making a distinction between this and other cases in that regard.

We have examined all the authorities cited on the brief of the appellant's counsel, but find nothing in them in conflict with the views which we have expressed. The doctrine of these cases is that the bank is liable for the payment of the money to the wrong party, where the officers of the bank failed to exercise reasonable care and diligence to ascertain whether the person presenting the pass-book was the real owner and depositor to whom the money is due. At least, there is nothing in these cases contrary to that proposition of law. In this case the jury has found, upon sufficient evidence, that the defendant was guilty of negligence in that respect. We think the judgment of the superior court was correct, and must be affirmed.

*By the Court.*— Judgment affirmed.

See note to this case in 44 N. W. Rep. 1098.— REP.