# Ballingall v. Hunsberger.

*Debtor and creditor—Protection of collateral—Counsel fee.*

Where a creditor holds bonds of a corporation as collateral for a debt, and the corporation becomes insolvent, it is the duty of the creditor to protect the collateral; and if he employs counsel to present the bonds to an auditor appointed to distribute the assets of the corporation, and to secure the dividend to which the bonds are entitled, he is entitled to deduct a reasonable counsel fee from the amount received over and above the debt for which the bonds were given as collateral security.

Argued Oct. 16, 1900.   Appeal, No. 12, Oct. T., 1900, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1898, No. 895, on verdict for plaintiff in case of Peter Ballingall to use of James W. Davis v. Samuel D. Hunsberger.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Assumpsit for money had and received.   Before McCARTHY, J.

The facts are fully stated in the opinion of the Superior Court.

The court directed a verdict for plaintiff.

Verdict for plaintiff for $128.17.   Defendant appealed.

*Error assigned* was directing verdict for plaintiff.

*William A. Carr*, with him *Sidney L. Krauss* and *W. Horace Hepburn*, for appellant.—It is the law that a person holding collateral securities may engage counsel to protect the securities and charge the securities with that expenditure, and it is not necessary that there should be any actual danger, but a reasonable apprehension that such services are necessary, will justify such expense: Reynolds v. Cridge, 131 Pa. 189; Jones v. Wood, 76 Pa. 408.

*William H. Peace*, for appellee.

OPINION BY ORLADY, J., January 22, 1901:

The legal plaintiff, being indebted to the defendant, delivered to him ten bonds of an ice company (par value $100 each)

as collateral security for the payment of three notes, aggregating $488.46. The ice company became insolvent and its assets were taken in charge by its assignee, who converted them into cash; and, when an auditor was appointed to make distribution to creditors, the defendant employed counsel to represent him before the auditor in securing a distribution to the ten bonds he held as collateral. The pro rata distribution to the ten bonds amounted to $720. Since this was in excess of his claim against the plaintiff, he paid to him the sum of $108.76, and claimed the right to set off the sum of $75.00, which amount he had paid his counsel in representing him before the auditor. The right was denied by the plaintiff, and suit was brought to recover the balance due in the hands of the defendant. On the trial the court directed the jury to return a verdict for the plaintiff for the full amount claimed, and the defendant appealed.

The reasonableness of the charge was admitted, and that the professional services had been rendered with the knowledge of the plaintiff, and that they were for his benefit was not disputed. It was the bounden duty of the defendant to protect the collateral deposited with him, not only to present it before the auditor but to secure for it the dividend to which it was entitled. If it had been lost through his neglect the plaintiff would have had a right of action against him: Hanna v. Holten, 78 Pa. 334; Stuart v. Bigler, 98 Pa. 80. In the exercise of reasonable diligence in its collection, it was proper for him to employ counsel, and, as the amount of the payment for this service was not disputed, he had a right to deduct it from the excess over his debt. The service was rendered in protecting that debt as a whole, and it should not bear any part of the charge for securing payment of the collateral: Jones v. Woods, 76 Pa. 408; Reynolds v. Cridge, 131 Pa. 189.

Under all the evidence the court should have directed the jury that the defendant was entitled to set off the $75.00 from the amount admitted to be in his hands.

The judgment is reversed and a venire facias de novo awarded.