Ed. Tahedl, Defendant in Error, v. Woodford Distilling Company, Plaintiff in Error.

## Gen. No. 16,723.

1. TROVER—*description of property demanded in replevin writ.* Where action was begun as replevin in the municipal court and on return of the bailiff that he could not find the property was prosecuted in trover, the defendant cannot object that the writ improperly described the property as "warehouse receipts" when it knew what was called for and referred to the property by that name.

2. TROVER—*property evidenced by warehouse receipts.* In trover for the conversion of warehouse receipts, the conversion being established and the property evidenced by such receipts having been destroyed by fire while in possession of defendant, plaintiff is entitled to a judgment for its value.

Error to the Municipal Court of Chicago; the HON. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed December 30, 1912.

SEITZ, BRYAN & WILBER, for plaintiff in error.

PARKER & HOGAN for defendant in error; GEORGE G. KING, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error to the Municipal Court of Chicago, sued out from this court to reverse a judgment in trover for $276.55, rendered by the said municipal court against the Woodford Distilling Company, the defendant below and the plaintiff in error here, in favor of Ed. Tahedl, the plaintiff below and defendant in error here. The suit was begun in replevin, but on the refusal of the defendants to turn over to the bailiff of the municipal court the property described in the writ of replevin, and the return of the bailiff on the said writ to that effect and that he was unable to find the said property in the City of Chicago, it was prosecuted in trover and resulted in the find-

ings of the court, which tried the case without a jury, that the defendant was guilty, that the right to the possession of the property was in the plaintiff, and in the assessment of the plaintiff's damages at two hundred and seventy-six dollars and fifty-five cents.

It is only the last of these findings which can be made the subject of any substantial question. The property sought to be replevied, and for which the judgment in trover was given, was described in the writ of replevin as "Three warehouse receipts of the Woodford Distilling Company, being warehouse receipts Nos. 68103 D, 60335 and 68102 D."

The defendant maintains that as it developed in evidence that the three papers which the plaintiff referred to as warehouse receipts were not technically and legally speaking "warehouse receipts," but mere contracts, and as the bailiffs return merely showed inability to secure property described as "warehouse receipts," there was no foundation for a judgment in trover for the tortious conversion of these papers.

There is no merit in this contention. The evidence shows that the defendant itself calls the documents in question "warehouse receipts." It is not necessary for us to decide whether they were or were not. The defendant was specifically informed by the writ of the nature of the plaintiff's case and knew exactly what the writ called for.

As the Supreme Court of Pennsylvania said in a case where a similar point was made:

"Certainty to a common intent is all that is required, and in this case the record would support a plea in bar to another suit with a different description." Taylor v. Morgan, 3 Watts, 333.

The documents in question, with the exception of differing numbers and descriptions of the warehouse stamps, are practically identical. One will serve as an example of the three. It ran:

Tahedl v. Woodford Distilling Co., 176 Ill. App. 173.

"THE WOODFORD DISTILLING COMPANY.
"No. 68103D.

"United States Bonded Warehouse, Distillery No. 9, 7th Dist. Ky., located in Midway, Woodford County, Ky, Received and has on storage the following described five barrels Pennsylvania Club whiskey for our account and which we hold subject to the order of Ed Tahedl, St. Paul.

| Date of Inspection | Serial Nos. | Wine | Galls. | Proof | Proof Galls. | | Warehouse Stamp | When Withdrawn |
|---|---|---|---|---|---|---|---|---|
| Spring 1904 | 63129 | 47 | 96 | 101 | 48 | 44 | 5857129 | Sep. 11, 1907 |
| | 30 | 48 | 35 | | 48 | 83 | 30 | Nov. 25, 1907 |
| | 1 | 48 | 86 | | 49 | 35 | 1 | Feb. 10, 1908 |
| When tax is due | 2 | 48 | 35 | | 48 | 83 | | May 25, 1908 |
| | 3 | 47 | 19 | | 47 | 66 | 2 | |
| | | | | | | | 3 | |
| Spring 1912 | | | | | 243 | 11 | | |

Deliverable as agreed only on return of this certificate properly endorsed and on payment of the purchase price hereof at our main office and government, state and county taxes and storage at the rate of five cents per barrel per month from inspection. Loss or damage by the elements, leakage, shrinkage or transportation at purchaser's risk. The whiskey named herein is insured for invoice amount against loss by fire. This certificate which may be voided if altered, is subject to the provisions of the order slip in the possession of the Woodford Distilling Company; the holder of this certificate in accepting it, agrees to its conditions and to pay all money, taxes and charges due hereon.
"THE WOODFORD DISTILLING Co.,
"By I. Orschel, Prest.
"Gauged by United States.
"Gauger, J. J. Parrish.
"Endorsements: Not until this certificate (no duplicate to be recognized) has been actually presented or delivered to us properly endorsed, will any portion

of the whiskey represented by it be delivered or shipped.

"Address all communications in regard to the within described whiskey to

"THE WOODFORD DISTILLING Co.,
"Main Office 34 River St., Chicago."

That these documents belonged to the plaintiff and were tortiously converted by the defendant, is plain.

There was a fire which destroyed the whiskey described in the documents, and the Woodford Distilling Company requested the plaintiff to send to it these certificates for use in making adjustments with him. This the plaintiff did, but when he afterward demanded them the company refused to give them up, on the ground that the whiskey itself was destroyed. It did not, however, deny that it was liable for the whiskey or its equivalent under the contract made by the certificates and order slips signed by Ed. Tahedl as purchaser, which the company retained and which apparently show fulfilment of the condition of payment of purchase price.

In a letter which, we think, despite defendant's argument to the contrary, was competent evidence of an admission of the fact, it asserted the value of the whiskey for which it was liable to be $276.55, for the equivalent of which in whiskey it offered to settle with the plaintiff. Why the plaintiff did not accept this is not for us to inquire, any more than it is for us to ask why the defendant, when this offer was declined and the return of the certificates demanded by the plaintiff, did not acquiesce and thus prevent what to us seems a wholly unnecessary lawsuit. We can only deal with the fact that both parties seemed to prefer litigation to settlement.

The fact that the defendant was guilty of conversion of these documents being determined, it only remained for the court to assess the damages, which it placed at the admitted value of the whiskey.

The defendant argues that if it be assumed that the

defendant was guilty of conversion, all that it converted was the evidence of a contract, and that "to hold that the conversion of the evidence of a contract enables the party aggrieved to sue in trover for all the rights which he would be entitled to under the contract involves an absurdity," and that such cases as seem to hold the contrary are cases. of negotiable instruments, in which it has always been the rule that *prima facie* the value of the document is the value expressed on its face.

This is plausible, but, under the law as laid down in Illinois, unsound.

In Hayes v. Massachusetts Mut. Life Ins. Co., 125 Ill. 626, 635, the rule is applied to a life insurance policy which was certainly not a negotiable instrument, but the mere evidence of a contract; and we are obliged to recognize that the case at bar, in which the certificates expressly say the whiskey mentioned in them is deliverable only "on return of the certificate properly endorsed," furnishes stronger reason for its application than the Hayes case.

In Wisconsin the rule has been applied to the conversion of a savings bank book, and the value of the deposits evidenced made the measure of damages. Wegner v. Second Ward Sav. Bank, 76 Wis. 242.

The value represented by the certificate has been admitted by the defendant to be the amount of the judgment and its allowance as the measure of damages under the rule applied in Hayes v. Massachusetts Mut. Life Ins. Co., *supra,* has at least the advantage of rendering unnecessary and impossible further action on the "contract," and thus tends to the final disposition of the controversy.

The judgment of the municipal court is affirmed.

*Affirmed.*