# Bank of Commerce, Appellant, v. Fisher.

*Bailment—Pledge of book accounts—Negligence in failing to collect—Case for jury.*

Where overdue accounts due by a trading partnership have been assigned to a bank with sole right of collection as collateral security for advances under an agreement whereby the assignor guarantees payment in full at maturity of the accounts assigned, the bank will be liable in damages to the assignor for a loss resulting from negligence in failing to collect the accounts, where it appears that the bank made no effort to collect the accounts, except by telephone and letter, that no effort was made to collect them by suit, and that no notice was given to the assignor of the nonpayment of the accounts until after a receiver in bankruptcy had been appointed in proceedings against the partnership.

In such a case the general course of conduct of the bank in collections is not material, to show that it was not negligent as to the particular accounts in question; nor is it material what the defendant might have done under the circumstances.

*Appeals—Assignment of error—Defective assignments.*

Assignments of errors setting forth general statements in relation to the charge without setting forth portions of the charge, are in violation of the rules and will not be considered.

Assignments of error refusing to affirm points, setting forth the points, but not the answer thereto, are insufficient.

Argued Oct. 13, 1916.  Appeal, No. 126, Oct. T., 1916, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1914, No. 2849, on verdict for defendant in case of Bank of Commerce v. Isadore Fisher.  Before ORLADY, P. J., PORTER, HEAD, KEPHART and WILLIAMS, JJ.  Affirmed.

Assumpsit on a written contract.  Before AUDENRIED, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant for $542.10.  Plaintiff appealed.

VOL. LXV—24

*Errors assigned* were (1, 2) general statements in relation to the charge without setting forth portions of the charge (3-5) refusal to affirm plaintiff's points, setting forth the points, but not the answers thereto; (6) in submitting the case to the jury, quoting a portion of the charge; (7) refusal to submit to the jury evidence as to the general course of the bank in collections, and (8) in refusing to permit the defendant to be asked on cross-examination, whether if he had not assigned the accounts, would he have brought suit against Blum Brothers.

*Julius C. Levi*, with him *David Mandel, Jr.,* for appellant.—Binding instructions should have been given in favor of the plaintiff: Hanna v. Holton, 78 Pa. 334; Smouse v. Bail, 1 Grant 397; McManus v. Johann, 23 Dist. Rep. 322; Ritter v. Henning, 10 Pa. Superior Ct. 458; Ormsby v. Fortune, 16 S. & R. 301; First Nat. Bank of Reading v. Ferguson, 224 Pa. 397; McKeesport T. & T. Co. v. Scranton, 56 Pitts. L. J. 282.

*Harry Shapiro*, for appellee.—The case was for the jury: Mullen v. Morris, 2 Pa. 85; Wingate v. Mechanics' Bank, 10 Pa. 104; Muirhead v. Kirkpatrick, 21 Pa. 237; Sellers v. Jones, 22 Pa. 423; Kemmerer v. Wilson, 31 Pa. 110; Hanna v. Holton, 78 Pa. 334; Nat. Bank of Pittsburgh v. The Glue Company, 164 Pa. 1; First National Bank v. Ferguson, 224 Pa. 397.

OPINION BY WILLIAMS, J., March 7, 1917:

June 4, 1913, Fisher borrowed from the plaintiff bank $1,625, and, as collateral security therefor, assigned his book accounts against Blum Brothers, amounting to $2,096.37, all of which, except the amount of $171, were overdue when assigned. Under the agreement between the parties Fisher guaranteed the payment of the accounts in full at maturity, and authorized the bank to charge to his account any which became overdue, or

which the bank deemed undesirable.  He gave the bank the sole right of collection.

July 31, 1913, Blum Brothers became bankrupt.  January 7, 1914, Fisher paid the bank $250.  December 21, 1914, the bank collected from the bankrupt estate, $587.19 and subsequently sued Fisher for the balance of the amount loaned with interest.

Fisher claimed that when he assigned the accounts they were collectible and, therefore, he was entitled to receive the difference between the amount he had borrowed and the face of the assigned accounts.  He also claimed that he had paid, and the bank had received, the $250 in full settlement of the loan.  The bank claimed that it was only paid on account.

The evidence shows that Blum Brothers had paid over $340,000 to creditors in July, 1913; that the only effort the bank made to collect was by 'phone and letters, no effort being made to collect by suit; that no notice was given Fisher of the nonpayment of the accounts until after the receiver in bankruptcy had been appointed, July 31, 1913.  There was some evidence, but contradicted, that Fisher. had instructed the bank not to push Blum Brothers.

The charge of the learned trial judge permitted the jury to find any one of three verdicts:  (1) for the plaintiff, for the amount of its claim, (a) provided the $250 had not been paid in full settlement of the claim, and (b) that the bank was not negligent in handling the accounts;  (2) for the defendant if the payment of the $250 was in full settlement;  (3) for the defendant for $471.37 and interest if (a) the $250 was not in full settlement, (b) if the bank had been negligent in handling the accounts, and (c) if Fisher had not instructed the bank to refrain from pushing Blum Brothers.  The jury returned a verdict for the defendant for $542.10 and judgment was entered thereon.  From that judgment we have the present appeal.

The first, second, third, fourth and fifth assignments

are in violation of Rule 15, and will not be considered: Commonwealth v. Simon, 44 Pa. Superior Ct. 538, 541.

The sixth, seventh and eighth assignments raise respectively three questions:

(1) Did the court err in submitting to the jury the relative liabilities of the parties, under the advancement agreement and the facts as they might be found by the jury?

A pledgee of commercial paper or accounts, who undertakes to collect them as holder, is liable for losses resulting from negligence in failing to act promptly; the only excuse is that the pledgor was notified of the nonpayment at maturity: Farmers Nat. Bank v. Nelson, 255 Pa. 455; Ballingall v. Hunsberger, 16 Pa. Superior Ct. 117, 118. The reason for the rule is well stated in Hanna v. Holton, 78 Pa. 334, 337: "A creditor who holds a collateral security for the protection of his debt stands in a different relation to the assignor of the collateral, though the latter be his debtor. By the assignment a privity of contract is established, which invests the assignee with the ownership of the collateral, for all purposes of dominion over the debt assigned. He alone is empowered to receive the money to be paid upon it, and to control it in order to protect his right under the assignment. This is the ground of the creditor's liability for the collateral, as stated by TILGHMAN, C. J., in Lyon v. Huntington Bank, 12 S. & R. [61], 68; and also by the court in Beale v. The Bank, 5 Watts [529], 530. It is, therefore, settled in this state that where the collateral is lost by the insolvency of the debtor in the collateral instrument, through the supine negligence of the creditor, he must account for the loss to his own debtor, who invested him with its entire control."

The plaintiff, for a consideration, undertook to collect the accounts assigned to it; was given the sole right to do so, and, the jury having found that it had negligently failed in its duty, there is no doubt of its liability.

The cases cited by the appellant are not applicable. In

some of them there is no undertaking to collect the claim, and in the others no allegation or finding of negligence.

The second and third questions are as follows: (2) Was the course of conduct in the collection of accounts not involved in the issue admissible to show that the plaintiff had not been negligent? And: (3) Was it material what course of conduct the defendant would have pursued if the accounts had not been assigned to the bank?

It can readily be seen that the general course of conduct of the bank in collections was not material to show that it was not negligent as to these particular accounts; nor was it material what the defendant might have done under the circumstances. The issue was: What did the bank do, or refrain from doing, and was its conduct negligent? The charge of the court was a fair and just presentation of the facts and the law applicable to them.

The judgment is affirmed.