BOGUSLAWSKI, Respondent, vs. MITCHELL STREET STATE
BANK, Appellant.

*March 8—April 3, 1923.*

*Banks: Due care in paying savings deposit: Stolen deposit book
and forged withdrawal slip: Evidence: Sufficiency: Burden
of proof.*

1. In an action by a depositor against a bank for paying money
   on a forged withdrawal receipt, the depositor's passbook hav-
   ing been stolen, where the depositor positively denied receiv-
   ing the money and the teller testified that he had actually paid
   it to him, a determination in favor of the depositor will not be
   disturbed.
2. The evidence in this case is *held* sufficient to warrant a finding
   that the bank, under the circumstances, did not exercise due
   care in making the payment.
[3. Whether the burden should be on the depositor to prove want
   of due care, or, payment being generally an affirmative de-
   fense, whether the burden should be on the bank to prove the
   exercise of due care, is not determined.]

APPEAL from a judgment of the circuit court for Mil-
waukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

Plaintiff was one of about 13,000 depositors in the savings
account department of defendant bank. He commenced
such deposit account in September, 1914, and up to Septem-
ber 24, 1919, there had been but three withdrawals: $25 in
November, 1915; $40 in May, 1917; and $100 September
8, 1919. The latter left a balance of over $1,300 to his
credit.

On September 24, 1919, the bank paid $300 to some one
then presenting plaintiff's saving deposit book and signing a
withdrawal receipt. In October, 1919, the plaintiff, noti-
fied the defendant that such deposit book had been stolen and
that he had not signed or authorized the signing of the with-
drawal slip of September 24th or received the $300.

The bank held possession of a card with plaintiff's signa-
ture. His first name was there spelled with a final *z*—
Tadeusz. It was so written on the receipts of November,

1915, and September 8, 1919, both in evidence. He testified that when inducted and discharged from war service in 1918 his first name was used without such final *s* and that he so signed his discharge papers, which he had kept with this bank book in a locked trunk, and that both were missing when he looked for the bank book in October, 1919.

It appeared that two brothers were paying tellers for the bank September 24, 1919. One was out of the state at the time of the trial and the other one testified that his brother called his attention to the withdrawal card and to the omission of the *s;* that thereupon the witness told his brother to have the person sign the receipt again, using the *s*. After this was done the witness himself interviewed the claimant and requested him to again sign on the back of the receipt, and after this was done and the claimant had correctly answered as to prior dates as appearing in the bank book then held by the witness, a comparison was made with the signature on the card and the $300 ordered paid. This witness was not positive whether he or his brother made the payment. He said that he knew the plaintiff, could call him by his first name, and was absolutely sure that the $300 was being paid to the right man.

The plaintiff, when reporting the loss of the book to the bank in October, was requested to and did sign his name on the back of the receipt and also several times on a slip. Some of these signatures were enlarged by photograph and all were in evidence. No testimony was offered on either side by handwriting experts.

On the trial of this action in the civil court of Milwaukee county the only issue submitted to the jury was whether the bank failed to use reasonable and proper care in the payment of the $300. The trial court in effect instructed the jury that the burden of proof was upon the plaintiff. He also charged them that they were to consider the plaintiff's conduct, and that if plaintiff knew of the loss of the book before September 24th it was his duty to so notify the bank,

and further that if plaintiff drew the $300, then their verdict must be for the defendant.

No instructions were requested or exceptions to the charge filed by either party. The jury found a general verdict for plaintiff. After motions by the respective parties the trial court ordered judgment for the plaintiff.

On appeal to the circuit court the judgment was affirmed. This appeal was then taken.

*Casimir Gonski* of Milwaukee, for the appellant.

For the respondent there was a brief by *Timlin & Dean* of Milwaukee, and oral argument by *Patrick W. Dean.*

ESCHWEILER, J.    Plaintiff's positive denial of receipt of the $300 on September 24th and the teller's testimony to the contrary made an issue clearly within the province of the jury to determine, and their determination in that regard in plaintiff's favor cannot be disturbed.

The question is much closer whether the bank used due care in the payment of the $300, especially in view of the apparent similarity in the signature upon which the bank paid the money with the concededly genuine signatures. It was evident, however, that the tellers did appreciate at the time that there was something questionable about the situation and for that reason did much more than is usual in such transactions. The jury being necessarily satisfied that the money was in fact not paid to the plaintiff, may have discounted the teller's testimony to his conclusion that it was paid to the right man, and, so viewing it, they might consider that it was not due care on the teller's part to be so certain. The teller's cross-examination of the one presenting the book and the receipt was limited to questions relating to matters disclosed in the book itself, and nothing appears to have been asked concerning the mistaken spelling of the first name—the very fact that seems to have first excited suspicion or question. That the one who forged the signature, if such forging were done, was content to apply for

but $300 of an apparently available balance of $1,300, might tend to discredit plaintiff's theory, but that is perhaps counterbalanced by the possibility that he who was attempting such a bold fraud let his cupidity be controlled by his caution.

Whether in such class of cases, there being no special rules binding the parties, the burden should be on the plaintiff to prove want of due care, or on defendant to prove the exercise of due care in making the payment, payment being generally an affirmative defense, is not here necessary to determine. It was held, on what seems a reasonable view, to be on the defendant in *Noah v. Bowery Sav. Bank,* 225 N. Y. 284, 289, 122 N. E. 235, and on the plaintiff in *Bulakowski v. Philadelphia S. F. Soc.* 270 Pa. St. 538, 113 Atl. 553. The question was not determined in the two cases involving such deposits of *Wegner v. Second Ward Sav. Bank,* 76 Wis. 242, 44 N. W. 1096, and *Ninoff v. Hazel Green State Bank,* 174 Wis. 560, 183 N. W. 673.

*By the Court.*—Judgment affirmed.