## Bangor Silk Knitting Co. *v.* Wise et al.

*Equity—Findings of fact—Appeals—Evidence.*

1. Findings of fact by a chancellor, involving the credibility of witnesses and weight to be given their testimony, have the effect of a verdict of a jury, and they will not be disturbed on appeal where there is substantial testimony to support them.

*Bailment—Pledge of property—Duty of pledgee to return property—Estoppel—Collateral security for debt—Measure of damages —Corporations—Officers.*

2. A pledgee is estopped from denying the title of his pledge either by claiming title in himself or by setting up title in a third person.

3. A pledgee's duty is to return to the pledgor the property pledged whenever the obligation it secures has been discharged.

4. The pledgor may recover the goods from the pledgee without proving his right of property in them, and hold them until they are seized by their rightful owner or by some superior title.

5. Collateral security given for a debt must either be produced or a satisfactory account given for its nonproduction, when the debt has been paid.

6. If the collateral is not returned, the measure of damages is the value of the article at the time of the conversion, to which interest may be added. The rule is different in regard to stocks.

7. Where an officer and director of a corporation has loaned money to the company and received bonds as collateral for the debt, he cannot, when the debt is paid, and demand is made upon him for the return of the bonds, set up as a defense a claim on account of services as director or officer.

Argued April 9, 1923. Appeal, No. 142, Jan. T., 1923, by defendants, from decree of C. P. Northampton Co., Sept. T., 1921, No. 3, for plaintiff, in case of Bangor Silk

Knitting Co. v. Frank S. Wise and George H. Wise. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Bill in equity to compel delivery of collateral security. Before STEWART, P. J.

The opinion of the Supreme Court states the case. Decree for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting it.

*John D. Hoffman* and *Everett Kent,* for appellants.

*Aaron Goldsmith,* with him *Smith, Paff & Laub,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 30, 1923:

Plaintiff was indebted to the Bangor Trust Company on a note and certain trade acceptances aggregating $67,-852, to secure which there was deposited with the trust company $50,000 of plaintiff's first mortgage bonds. Payment of the note being demanded, Frank Wise, a defendant, took over the indebtedness. Thereupon the trust company endorsed without recourse the notes in its possession and delivered at the same time the $50,000 collateral. Wise, however, insisted on additional security, and $50,000 more, of the total issue of $100,000 of the same bonds, with 900 shares of stock of the Philadelphia Hosiery Company, and bonds of the par value of $3,000 of the Bangor Silk Knitting Company, with some raw silk, were accepted by Wise as sufficient. When the notes became due, payment was demanded; it was tendered, with a demand for the return of all collateral. The latter being refused, this bill was filed to restrain other disposition of the collateral and for a mandatory order to redeliver it to plaintiff.

There is really but one question involved in this appeal, and that of fact,—though there are 131 assignments

of error, and the opinion of the court covers nineteen pages,—Who had the right to possession of the bonds last delivered? Some minor matters relating to overpayment of interest, the raw silk and stock of the Philadelphia Company, were considered, but the real issue was over the ownership of stock. All the essential facts were found against appellant, and the rule that findings of fact by a chancellor, involving the credibility of witnesses and weight to be given their testimony, have the effect of a verdict of a jury, and they will not be disturbed on appeal where there is substantial testimony to support them, must apply to this as well as similar cases: Glenn v. Trees, 276 Pa. 165; Shimer v. Aldine Trust Co., 264 Pa. 444; Allegheny By-Product Coke Co. v. J. H. Hillman & Sons Co., 275 Pa. 191. This rule applies notwithstanding we may differ from the judge in the conclusion reached.

At the trial it was contended the bonds were owned in equal shares by George Wise, son of Frank Wise, and Henry A. Berendsen, through the Berendsen Silk Company. The court refused to sustain this contention, and there was sufficient evidence to support this finding. In view of the rule of law just announced, no good can come from reviewing the testimony, which is of interest to the litigants only. In the 31st finding, it is stated the Berendsen Silk Company, otherwise George Wise and Henry Berendsen, did not at any time pay money or other valuable consideration for the bonds. George Wise, on cross-examination, stated he did not claim the bonds as his personal property, but in right of the Berendsen Silk Company, of which he was an officer. All the property here in question, the court below finds, was delivered by plaintiff to Frank Wise as collateral. Frank Wise, the creditor and pledgee, cannot contest the title of his pledgor. A pledgee is estopped from denying the title of his pledge either by claiming title in himself or by setting up title in a third person. The pledgee's duty is to return to the pledgor the property so pledged when-

ever the obligation it secures has been discharged: 31 Cyc. 855 and 807; Edwards on Bailment 54. A depositary is bound to redeliver or restore the chattels bailed to the depositor and the latter may recover the goods from the former without proving his right of property in them, and hold them until the goods are seized by their rightful owner or by some superior title. A depository is compelled to restore the goods to the person from whom he received them, whose right, generally speaking, he cannot contest. The property must, under the facts, be returned to the plaintiff: P. R. R. Co. v. Farrell, 64 Pa. Superior Ct. 296, 299; 38 Cyc. 2044, 2048, 2050; 6 C. J. 1167; Gunzburger v. Rosenthal, 226 Pa. 300, 302. And a qualified title in the claimant distinguishes the present case from those where no title, special or qualified, appeared.

Wise's claim to the bonds through part ownership of the Berendsen Silk Company depended on a receipt, and plaintiff's minutes; but the court below found these minutes and the receipt were fraudulently obtained, and no such meetings were held. It is stated the "entire matter was a juggling with the affairs of this corporation, which was contrary to law and to good morals," and the "Berendsen Silk Company was a sham and a fraud, formed to divert $50,000 from plaintiff." That was an absolute nullity in law. Of course Wise could not hold the bonds on account of services as a director or officer (Grafner v. Pittsburg, Neville Island and Coraopolis St. Ry. Co., 207 Pa. 217; Hechelman v. Geyer, 248 Pa. 430; Wilson v. Brown, 269 Pa. 225), and the burden was on him, as an officer of plaintiff corporation, to show he had legal title to the bonds. His co-owner denied his right, and the court below believed the latter.

We cannot, on the evidence submitted, say the court erred in holding the silk was deposited for the use and benefit of Frank Wise and not George Wise, and the former must account for its value.

Plaintiff had such qualified property in three certificates of stock of the Philadelphia Hosiery Company as

to enable it to demand their return when the debt was paid. If there is a superior claim outstanding, not adjusted, it can be redressed in another action. The consequences of this litigation determine nothing as to the title to this stock; all that was before the court below was, Must the collateral be returned to plaintiff, who had delivered it to defendant? It was rightly decided it should be so returned.

The court found the payment of $5,000 to defendant came from an advancement to plaintiff from the individuals named. But it was none the less a payment of interest, accepted by defendant.

Collateral security, when demanded, must either be produced or a satisfactory account given for its nonproduction: Stuart v. Bigler's Assignees, 98 Pa. 80. Where the debt has been discharged and the collateral is not returned, the measure of damages is the value of the article at the time of the conversion (Taylor v. Morgan, 3 Watts 333), to which interest may be added. The rule is different with regard to stocks: Sproul v. Sloan, 241 Pa. 284.

A careful review of the evidence convinces us the court committed no reversible error; all the assignments are dismissed.

The decree of the court below is affirmed, at the cost of appellants.