### B. F. Lamb *v.* E. J. M. Leader, W. W. Leader and A. M. Halberstadt, trading as Progressive Steam Power and Job Printing House, Appellants.

*Practice, Superior Court—Defective assignment—Rule XVI.*

Where the error assigned is to the charge of the court, the part of the charge referred to must be quoted totidem verbis, as provided by Rule XVI of the Superior Court.

*Replevin—Evidence—Question for jury.*

The evidence being undisputed that the title of an engine replevied by plaintiff was in him, the court was clearly correct in leaving to the jury, as the only question for their consideration, the value of the property in controversy.

Argued October 21, 1897. Appeal, No. 43, Oct. T., 1897, by defendants, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1891, No. 1296, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ. Affirmed.

Replevin for boiler and engine. Before BEITLER, J.

The following facts appear from the charge of the court below:

Gentlemen of the jury:—According to my views of this case there is only one thing that requires any action on your part, and that is to determine the value of this engine at the time it was claimed by the defendant. On the part of the plaintiff

there is some testimony that it was worth some $400; on the part of the last witness on the stand, that it was worth $300.

I may be wrong in the law as to this case; but if I am the court in banc will correct me, but Leader & Colt rented certain machinery embraced in the schedule attached to this lease, and amongst other machinery was this engine. This engine, it is stated, was subject to an unpaid claim of the balance of cost, $350. The lease does not say that that should be paid by Mr. Lamb. It does not say that it should be paid by Mr. Leader. But the lease does provide that the annual rental shall be $1,180, and that if the lessee pays any obligation of the lessor he shall have credit for that payment. If the lessees had shown here that they had paid $1,180 in cash and also paid this $350, or a portion of this $350 on the engine, there might have arisen a question whether that $350 ought to have been paid by Mr. Lamb to the lessees; but in the absence of any evidence as to the payment of the $1,180 the utmost the lessees have paid, if they have paid the entire $350 in cash, is simply the $350 on account of the rent if that sum ought to have been paid by Mr. Lamb.

I therefore say to you that under the law in this case your verdict must be for the plaintiff.

Verdict and judgment for plaintiff for $435.50. Defendant appealed.

*Errors assigned* were (1) In charging the jury to find a verdict for plaintiff. (2) In not directing the jury to find a verdict for the defendant.

*John McDonald*, for appellants.

*J. S. Freeman*, for appellee.

OPINION BY BEAVER, J., November 19, 1897:

The paper-book of the appellants violates two rules of this court. Rule 16 provides that "when the error assigned is to the charge of the court or to answers to points or to findings of fact or law, the part of the charge or the points and answers or findings referred to must be quoted totidem verbis in the assignment." The observance of this rule was all the

more important in this case for the reason that instead of printing the charge of the court immediately preceding the assignments of error, as required by Rule 26, it is printed in the appendix after the testimony. The court below charged, as a matter of law, that the plaintiff was entitled to a verdict, leaving to the jury to determine the value of the property in controversy. This is practically the only error assigned.

The appellants succeeded to the ownership of certain personal property leased by an agreement in writing by Lamb, the appellee, to Leader & Colt, to which was attached a schedule of the personal property leased, including an engine which is admittedly the property in dispute. This engine is scheduled as being " subject to a payment of a balance in cost $350.00." The only rental stipulated to be paid for the use of the articles in said schedule mentioned was $1,180. By the terms of the agreement the lessees had the privilege of discharging obligations for which the lessor was liable to an amount not exceeding $500. There is no allegation, so far as we can find in the testimony that the lessee paid any portion of the rent. The possession of the engine in controversy in this case was secured by the appellants from Leader & Colt who secured the possession thereof from the appellee by virtue of the lease above referred to. The appellants allege, however, that the engine was leased from the Campbell Printing Press Company and held by the appellee as a bailment subject to certain unpaid instalments ; that the Campbell Printing Press Company replevied the engine in their possession and that they purchased it from said company. The testimony in regard to this transaction was extremely vague and unsatisfactory.

The agreement, if there were any, under which the appellee held the engine from the Campbell Printing Press Company, was not offered in evidence, nor was there any competent testimony as to the terms of the bailment, if such it was. It plainly appears by the testimony that the engine, when replevied by the Campbell Printing Press Company was never actually delivered to them, that it remained in the possession of the appellants after the replevin as it was before, and that the appellants paid the balance due upon the engine and had the action of replevin marked " discontinued." It is quite evident that the possession of and whatever title to the engine the appellants had prior to

the action of replevin was acquired through the lease between the appellee and Leader & Colt. Whatever title, therefore, the appellants secured from the Campbell Printing Press Company they were bound to hold in trust for the appellee; and, inasmuch as no rent was ever paid by Leader & Colt, as distinctly admitted by Mr. Leader in his testimony, and there was consequently money in their hands out of which the balance due the Campbell Printing Press Company could have been paid, we cannot see that the appellants had any title, either legal or equitable, to the engine which was the subject of this replevin. The view taken by the court below seems to have been correct, so far as we can gather from the facts as they appear in the testimony, and the judgment is therefore affirmed.