## Girard Trust Company v. Harrington, Appellant.

*Payment—Mistake of fact—Attorney at law—Evidence—Witness.*

Money paid under a mistake of fact may be recovered. The fact that the person making the payment has the means of knowledge at hand and overlooks the same by an inadvertence, is immaterial if the party receiving the same is not entitled to it.

Where a trust company as trustee of an estate makes settlement with a distributee under a decree of the orphans' court, and the attorney for the distributee is present at the settlement, makes no objection, and makes no demand for a fee out of the fund paid, and some months afterwards, in the absence of the officer of the trust company who had made the settlement, another official of the company who was ignorant of the settlement, pays over to the attorney a portion of the money which the distributee had left with the trust company as his agent, and such payment is made on the representation of the attorney that he was still the distributee's counsel as to the fund, the trust company may, on the discovery of the mistake, recover back from the attorney the amount so paid. In such a suit the defendant is a competent witness after the death of the distributee.

Argued Oct. 9, 1903. Appeal, No. 65, Oct. T., 1903, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1900, No. 361, for plaintiff on case tried by the court without a jury in suit of Girard Trust Company v. David C. Harrington. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for money had and received.

The case was tried without a jury by McMICHAEL, J., under the act of April 22, 1874.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff for $184.79.

*I. Hazleton Mirkil,* for appellant.—As attorney defendant had the right to collect the $250. It was part of the identical award he had secured for his client: Whiteside's Est., 8 Pa. Dist. Rep. 274; Weist v. Lee, 3 Yeates, 47; Bracken v. Pittsburg, 27 P. L. J. 202; Lynch v. Wolverton, 16 S. & R. 368; Reamer's Appeal, 18 Pa. 510; Kissick v. Hunter, 184 Pa. 174; Gouldey's Est., 27 Pa. C. C. Rep. 240. A mistake of law is not an equitable ground for relief; Hunt v. Rousmanier's Admr., 8 Wheaton, 174; McAninch v. Laughlin, 13 Pa. 371; Rankin v. Mortimere, 7 Watts, 372; Rogers v. Ingham, L. R. 3 Ch. Div. 351; Peters v. Florence, 38 Pa. 194.

*Sharswood Brinton,* with him *George Tucker Bispham,* for appellee.—Money paid under a mistake of fact may be recovered: Marriot v. Hampton, 7 Term Rep. 269; 2 Smith's Leading Cases, part 1 (8th ed.), 421; Meredith v. Haines, 14 W. N. C. 364; Thomas v. Brady, 10 Pa. 164; Haven v. Foster, 26 Mass. 112.

It is not contended in this case that the payment was made under a mutual mistake of fact, but if it were so contended and for the purpose of argument and all possible conjectures, it may be asserted as law that where the circumstances of the case surrounding a payment are unknown to the defendant himself, and the payment is made under a mutual mistake of fact, the money may be recovered back: Reed v. Horn, 143 Pa. 323; McKibben v. Doyle, 173 Pa. 579.

Even where the payment of the money is made without a misapprehension of the facts, yet it may be recovered if the party receiving it is not entitled to retain it. " Money paid with knowledge of the fact is not recoverable if there be nothing unconscientious in the retaining: " Marriot v. Hampton, supra; Smith's Leading Cases, part 1 (8th ed.), 421; Cannell v. Smith, 142 Pa. 25; McDonald v. Todd, 1 Grant, 17.

A person wrongfully receiving money cannot defend under the title of another person superior to the title of the person paying the money: Chamberlain v. Lilley, 1 Pa. Superior Ct. 293.

OPINION BY MORRISON, J., December 19, 1903: .

This was an action of assumpsit brought by the plaintiff to recover back from the defendant money alleged to have been paid to him upon a mistake of fact. The parties, by writing filed, dispensed with a jury trial and submitted the case to the determination of a judge of the court below. The pivotal points in the case are two : 1. Was the money claimed in the suit paid to the defendant upon a mistake of fact? 2. Had the defendant's relation to this fund as attorney for A. H. Weir and Mrs. A. E. Weir, his wife, ceased before the money was paid to the defendant by the plaintiff on July 23, 1900 ? The learned judge below found both of these facts against the defendant, and a careful examination of the testimony convinces us that his conclusions are fully sustained by the evidence.

The defendant appeared as counsel for A. H. Weir in the orphans' court in the matter of Weir's claim under the will of Martha H. Chambers, deceased. The defendant also claims that he was counsel for Mrs. A. E. Weir, the wife of A. H. Weir. While there is some confusion as to whether or not he was counsel for both Mr. and Mrs. Weir, yet he so testifies, and for the purposes of this suit it may be conceded that he was counsel for both. The plaintiff company was the trustee under the will of Martha H. Chambers, deceased, and was the accountant in the orphans' court of the fund upon which the claim was made by Mr. Weir. The orphans' court, by its adjudication, awarded to A. H. Weir as his share of the Chambers estate, $2,292.11, made up of cash and undivided interest in unconverted property, as specially appears in the schedule of distribution annexed to the adjudication. One of the items of unconverted security was a $3,000 bond and mortgage of John M. Finn, Weir's interest therein amounting to $250, and being so valued in the schedule of distribution. Subsequently a settlement took place at the office of the plaintiff company, which was attended by A. H. Weir, Mrs. A. E. Weir, the de-

fendant, the appellant, and Mr. J. M. Steere, representing the plaintiff company, at which time the plaintiff concluded its functions as trustee of this fund and delivered the same to A. H. Weir as directed in the schedule of distribution approved by the orphans' court, and received from Mr. Weir his receipt in full for all his interest in the Chambers estate. The check for so much as was paid over by the plaintiff to Weir was by him indorsed to the order of his wife and deposited in her personal account in the banking department of the plaintiff company. Mr. Weir then executed an agreement whereby he appointed the Girard Trust Company his agent for the management and conversion of the still undivided assets he had just received under the award of the court, through the plaintiff company, and this agreement was joined in by all the other parties having an interest. Soon after this time Mr. Weir filed an order with the Girard Trust Company, his agent, to pay all moneys coming to him from the conversion of these assets to his wife, A. E. Weir. Soon thereafter the plaintiff company disposed of the Finn mortgage, received payment thereof in cash, and so became possessed of $250 belonging to Weir, which should have been paid to Mr. Weir's wife under the order lodged with the company by Mr. Weir. At this time Mr. Steere, the officer of the Girard Trust Company, who had knowledge of all the details of the transaction, as well that Mr. Harrington had represented Mr. Weir in the orphans' court, and that Mr. Harrington's relation as counsel had ceased as to the fund in question, a settlement having taken place and the company holding the balance of the assets as agent, and not as trustee, and having further knowledge of the order to pay all the moneys to Mrs. Weir, was absent from Philadelphia upon his summer vacation, and the management of his department in the company plaintiff was then in the hands of Mr. Rhoads, temporarily. The latter knew that Mr. Harrington had represented Mr. Weir in the orphans' court, but was without knowledge of the subsequent details, and that the Girard Trust Company had settled its account as trustee, had distributed the funds, and that part of them had been returned to it in the capacity of agent, and was also ignorant of the order to pay no one but Mrs. Weir. By reason of Mr. Harrington's representation that he still was Mr. Weir's counsel as to this

fund, the $250 in question was paid to Harrington on August 28, 1900, he receipting to the plaintiff therefor as attorney for Alexander H. Weir. Upon being informed of this transaction Mr. Weir demanded the payment of the said $250 by the plaintiff company, notwithstanding the fact that it had already been paid to the defendant. The company thereupon paid to Mr. Weir $160 of this sum, he being willing to allow the defendant the remaining $90.00 in satisfaction as Weir claimed of his indebtedness to the defendant. Thereupon the plaintiff company demanded from the defendant that he return the money which he had received, but he refused so to do, and, therefore, this suit was brought. The above is a substantial statement of the facts as found by the judge in the court below. We have already said that we consider these findings fully sustained by the evidence. It seems to be entirely immaterial whether the defendant's employment as counsel was for Mr. Weir or Mrs. Weir, or for both of them. Let this be as he contends, still the fact remains that he was present when the settlement was made with the trust company and it relieved as trustee and appointed agent to collect the balance, which had not then been converted into money, and when collected to pay the same to Mr. Weir. It is not denied by anybody that he had rendered services for Mr. Weir, and that he was entitled to compensation, but it is noticeable that on the day of the settlement with the plaintiff as trustee and the transfer of the fund to it as agent, the defendant did not object and did not make any claim upon this fund for his fees. The inference is irresistible that he consented to release all claim upon this fund and thereafter to look to Mr. Weir or Mrs. Weir, or both of them, for the payment of the sum due him for services. Indeed we find him immediately thereafter endeavoring to secure payment from the Weirs for these services. It being clear that his relation to the Weirs as attorney in regard to the fund in question had ceased, it is wholly immaterial whether he continued to be their attorney or not in regard to other matters. The material point is that when he receipted for the $250 to the plaintiff company on August 28, 1900, he was not the attorney of either Mr. or Mrs. Weir in relation to the fund or money which he received.

The other important question in the case is this: Was the

money paid over to the defendant under a mistake of fact by the officer of the plaintiff company? The learned judge found this fact in favor of the plaintiff, and as we have already said this finding is based upon ample evidence. It is quite apparent that the officer of the company who made the payment acted upon the theory that the defendant was the attorney for A. H. Weir on the day that he receipted for the $250. If this money was paid over under a mistake of fact, such as we have indicated, it is not material whether the plaintiff might have ascertained the truth by inquiry or investigation. The material thing is, was the officer who made the payment informed of the truth in regard to this transaction? If he was not, and paid the money upon a mistake of fact, then the plaintiff's right to recover it back is clear beyond all question. Money paid under a mistake of fact may be recovered back. The leading case upon this subject is Marriot v. Hampton, 7 Terms Reports, 269 ; 2 Smith's Leading Cases (8th ed.), part 1, *421. In that case the general principle is summed up as follows : " Money paid in ignorance of the facts is recoverable, notwithstanding laches ; laches, in the sense of a mere omission to take advantage of the means of knowledge within the reach of the person paying the money, is not sufficient to disentitle him to recover it back." This principle of law entitling money paid under a mistake of fact to be recovered back is stated by the authorities as follows : " That the party who has received the money must not, through the negligence or misconduct of the person who paid it, be placed in a worse condition than if the money had not been paid." It is not pretended that the defendant in this suit was placed in a worse position by mistaken payment of the money to him.

The same principle of law seems to be well settled in Pennsylvania. The fact that the person making the payment has the means of knowledge at hand and overlooks the same by an inadvertence is immaterial if the party receiving the same is not entitled to it : Meredith v. Haines et al., 14 W. N. C. 364. In that case (page 366), Mr. Justice TRUNKEY speaking for the Supreme Court, said : " Money paid by the plaintiff to the defendant under a bona fide forgetfulness of facts, which disentitled the defendant to receive it may be recovered back ; it is not sufficient to prevent a party from recovering

money paid by him under a mistake of fact, that he had the means of knowledge of the fact, unless he paid it intentionally, not choosing to investigate the facts: (Kelly v. Solari, 9 M. & W. 54). That was a case where the directors of a life insurance company had been informed that the policy was forfeited in the lifetime of the insured, and after his death, having forgotten the fact, paid the money on demand of the administratrix. . . . Negligence in making a mistake does not deprive a party of his remedy on account thereof. It is the fact that one by mistake unintentionally pays money to another to which the latter is not entitled from the former, which gives the right of action: " (Lawrence v. American National Bank, 54 N. Y. 432.)

It is not contended in this case that the payment was made under a mistake of law. What is meant by a mistake of law is the misapprehension of a principle of law, and the failure of the party to appreciate his rights under that principle. A mistake of law means a mistake of a principle of law, that is some substantive principle of law; for example, a mistake of the law of a foreign country, or even the misapprehension of the private statutes of a state are not mistakes of law, but are mistakes of fact: Haven v. Foster, 26 Mass. 112.

It is clear in this case that the error was not committed by Mr. Rhoads thinking that Mr. Harrington was entitled, by virtue of his office of attorney, to receive the money, but was Mr. Rhoads's misapprehension of the existence of the facts which had terminated the office of attorney on the part of the defendant as to the money in question. The question was not the right of an attorney to receive his client's money as a legal principle, but it was whether the defendant stood in the relation of attorney as to this fund and clearly this was one of fact.

The defendant contends that because the plaintiff sues for the full sum of $250 and only proves that it paid to the Weirs $160, that therefore it cannot recover at all. We are not able to see the force of this contention. The plaintiff did pay to the defendant $250 under a mistake of fact, but upon being informed of the transaction the Weirs consented that the plaintiff might permit the defendant to retain $90.00 of this money and only required the plaintiff to pay to them

(the Weirs) $160. Therefore the plaintiff only asked judgment for the $160. The defendant has no just ground of complaint on account of this adjustment. If the plaintiff had insisted it might have recovered the whole $250. But by making an adjustment with the Weirs it was only necessary that $160 be recovered from the defendant, and it does not lie in his mouth to complain of this.

One other question is to be considered. The sixteenth assignment raises the question of the competency of the defendant as a witness for himself in this suit. The learned judge below took his testimony in full and then held it incompetent on the ground that A. H. Weir was then dead. This was manifest error. The thing in action was the $250 paid over to defendant by plaintiff on a mistake of fact, and there is no rule of law or public policy making the defendant incompetent to testify in this suit between the plaintiff and himself. While this assignment must be sustained, yet it is not reversible error. The learned judge had the defendant's testimony before him and he expressly held that it would not change his finding of fact even if he considered it competent. We have carefully examined this and all of the other testimony and concur with the learned judge below that it is not sufficient to change his findings of fact. We, therefore, sustain the sixteenth assignment as technical, but not reversible error, and dismiss all of the other assignments and affirm the judgment.