# Dotterer *v.* Scott, Appellant.

*Debtor and creditor—Payment—Mistake.*

Where a debtor is ignorant of the full amount due to his creditor, and relies upon misstatement of facts by the creditor, and pays an amount in excess of the real debt, he may subsequently recover from his creditor, the amount of such excess.

*Appeals—Assignments of error—Rulings on evidence—Instruction.*

An assignment of error which includes a refusal of a point, and also the refusal of the court below to permit the call of additional jurymen, is in violation of rule 15.

When error assigned is to the charge of the court or to answers to points or to findings of fact or law, the part of the charge or the points and answers or findings referred to must be quoted totidem verbis in the assignment.

An assignment of error will not be considered which does not quote the judge's answer to a point totidem verbis, although it contains the point.

*Practice, C. P.—Trial—Jurors.*

Where a case is called for trial, and the defendant and his counsel not appearing, a jury is sworn, the defendant cannot, when the case is proceeded with on the following day, demand that eight more jurors shall be called so that he might have an opportunity of challenging four. In such a case the defendant waived his right by failing to appear on the day the case was set down for trial.

Argued Oct. 20, 1905. Appeal, No. 94, Oct. T., 1905, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1900, No. 729, on verdict for plaintiff in case of Abner F. Dotterer v. John H. Scott. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit to recover money paid under mistake.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $976.64, upon which judgment was entered for $891.04, all above that amount having been remitted.

*Errors assigned* were as follows :

1. Refusal of the learned court to affirm the defendant's second point.

2. Under all the evidence in the case the verdict should be for the defendant.

The refusal of the court to permit the clerk to call eight more jurors so that defendant could exercise his right to have four peremptory challenges.

*Henry J. Scott*, for appellant.—There is no principle of law better settled than that money voluntarily paid with a knowledge of the facts, cannot be recovered back : Matthews v. Smith, 67 N. C. 374; Vick v. Shinn, 49 Ark. 70 (4 S. W. Repr. 60); Benson v. Monroe, 61 Mass. 125 ; De La Cuesta v. Ins. Co., 136 Pa. 62; Forbes v. Appleton, 59 Mass. 115.

*Leoni Melick,* of *Melick, Potter & Dechert,* for appellee.—The following cases show that money paid by mistake may be recovered back when the mistake is mutual; also when the mistake is the mistake of but one party he can recover it back if the other party led him into the mistake; also that negligence in making the mistake does not deprive a party of his remedy; also that accord and satisfaction does not differ from any other contract in this particular : Meredith v. Haines, 14 W. N. C. 364; Kelly v. Solari, 9 M. & W. 54 ; Krumbhaar v. Yewdall, 153 Pa. 476 ; Taylor v. Commissioners, 3 P. & W. 112; Girard Trust Co. v. Harrington, 23 Pa. Superior Ct. 615.

OPINION BY MORRISON, J., December 11, 1905 :

This was a verdict and judgment thereon in favor of the

plaintiff for money alleged to have been paid to the defendant under a mistake of fact. The verdict was for the sum of $976.64, but the plaintiff remitted all of it in excess of $891.04, and judgment being entered thereon the defendant appealed.

In disposing of the motion for a new trial the learned court below said : " March 22, 1905, this case is ruled by Girard Trust Co. v. Harrington, 23 Pa. Superior Ct. 615, which follows Meredith v. Haines et al., 14 W. N. C. 364. The jury found against the defendant, and we are quite satisfied that their view was the right one to take. There is no merit in the defendant's case. The rule is therefore discharged." A careful examination of the testimony and the arguments, with the cases cited, leads us to the same conclusion. In our opinion there was an abundance of evidence to show that when the plaintiff was only indebted to the defendant in the sum of about $127.14, he was induced to pay on June 6, 1900, $825, by either a willful or mistaken statement of facts by the defendant. It clearly appears that the plaintiff in making said payment relied on the statement of the defendant as to the amount he was entitled to receive. This being so, it is no answer for the defendant to say that the plaintiff might have ascertained the facts ; the real question being, was the plaintiff ignorant of the amount actually due the defendant : Girard Trust Co. v. Harrington, 23 Pa. Superior Ct. 615 ; Meredith v. Haines et al., 14 W. N. C. 364. The learned court below submitted the case to the jury in a charge which is eminently fair to the defendant, and the verdict determines the question of fact that the defendant had in his possession $697.86, with interest thereon from June 6, 1900, which he was not entitled to retain, because he obtained it from the plaintiff by a misstatement of the facts, and the plaintiff at the time was ignorant of the true amount which he ought, under his agreement, to have paid the defendant.

We find upon the record the following attempt to assign error : " Assignment of error. Refusal of the learned court to affirm the defendant's second point ; (2) under all the evidence in the case the verdict should be for the defendant.

" The refusal of the court to permit the clerk to call eight more jurors so that the defendant could exercise his right to have four peremptory challenges."

This so-called assignment is in palpable violation of our

rules 15 and 16 : 1. It is evident that this is meant for two assignments of error, because the subjects are radically different, but they are not numbered and subdivided in accordance with the rules of practice. 2. What the court said in answer to the point quoted in the assignment is not given.

When error assigned is to the charge of the court or to answers to points or to findings of fact or law, the part of the charge or the points and answers or findings referred to must be quoted totidem verbis in the assignment : Rule 15. See Kramer v. Boggs, 5 Pa. Superior Ct. 394 ; Lamb v. Leader, 6 Pa. Superior Ct. 50 ; Ewing v. Cottman, 9 Pa. Superior Ct. 444 ; Crawford & Moyes v. McKinney, 165 Pa. 605.

An assignment of error will not be considered which does not quote the judge's answer to a point totidem verbis, although it contains the point: Hall v. Phillips, 164 Pa. 494.

In the above assignment we are left in ignorance of what the judge said in refusing the second point. The counsel says the learned court refused to affirm the defendant's second point, but he should have set out the very language of the judge. What has been said applies with equal force to the attempt to assign error to the refusal of the court to call eight more jurors so that the defendant could exercise his right to have four peremptory challenges. This portion of the assignment fails to inform us what the court said in the refusal complained of. Now, turning to the record as printed in the appendix, we find the following : " March 6, 1905, jury sworn. Adjourned to Tuesday, March 7, 1905, at 10 A. M. March 7, 1905, Mr. Scott requests that eight more jurors be called. The Court: The request is denied and an exception given to the defendant, the case having been called, the defendant not being here, the defendant's counsel not being here, and no word having been left with the court or its officers as to the whereabouts of either."

It is not denied that the counsel and the defendant had notice that the case was to be called for trial, and neither of them appearing it was well within the discretion of the court to allow the jury to be called and sworn. In addition to this the court might, in the exercise of its discretion, have proceeded with the trial on the day the jury was sworn. To say the least it is a novel proposition that counsel can come into court the next

day after the jury had been sworn and have eight more jurors called, to the end that he might challenge four when he had clearly waived the right by failing to appear on the day when the case was set down for trial. The whole argument of the learned counsel for the appellant, in support of his right to challenge, goes for naught, because nothing is clearer than that he waived this right by failing to appear at the proper time. If this assignment had been in proper form we could only sustain it on the ground of an abuse of discretion by the learned judge below. But on what appears before us, we fail to discover the slightest evidence of such abuse. In our opinion the judgment of the court below is manifestly just.

The assignments of error are dismissed and the judgment is affirmed.