## Commonwealth v. Simon, Appellant (No. 1).

*Appeals—Assignment of errors—Answer to point.*

1. An appellate court will not consider an assignment of error to an answer to a point, where the assignment, although containing the point, does not quote the answer totidem verbis.

*Criminal law—Accomplice—Evidence.*

2. On the trial of an indictment for crime the court is not bound to instruct the jury to acquit the defendant when the commonwealth relies on the testimony of accomplices alone; but it is proper for the jury to be advised that it is not safe to convict a defendant upon the uncorroborated testimony of accomplices.

3. If two or more accomplices are produced as witnesses, they are not deemed to corroborate each other.

*Practice—Trial—Continuance—Selection of jury—Presence of defendant.*

4. A trial judge cannot be convicted of error in a criminal case on the ground that he refused to continue the case because of the absence of defendant when the jury was selected, where it appears that the defendant was present on the morning of the day of the trial, that he voluntarily left the court room, leaving his counsel in the room, that he returned before the jury was fully chosen or sworn, made no objection to any juror, and was not deprived of any right to challenge.

*Criminal law—Jury—Locking up jury—Discretion of court.*

5. The question of keeping the jury in a criminal case together and

in charge of an officer of the court rests in the discretion of the trial judge, and in the absence of any abuse of discretion the action of the court in keeping the jury together is not error.

*Criminal law—Evidence—Cross-examination.*

6. On the trial of an indictment for crime, where the commonwealth relies largely upon the evidence of a particular witness, such witness may be asked on cross-examination for the purpose of showing motive and impeaching his credibility, whether he had not stated prior to the trial that he could make money by testifying as he had done.

Argued Oct. 4, 1910. Appeal, No. 48, April T., 1911, by defendant, from judgment of Q. S. Allegheny Co., March Sessions, 1910, on verdict of guilty in case of Commonwealth v. A. V. Simon. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Indictment for bribery. Before MACFARLANE, J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (1–10) various rulings and instructions which sufficiently appear by the opinion of the Superior Court.

*Edmond Englert,* with him *John N. Piatt,* for appellant.—From time immemorial, it has been held that the testimony of two or more accomplices should be corroborated by other material evidence: Com. v. Craig, 19 Pa. Superior Ct. 81; Com. v. Clemmer, 190 Pa. 202; People v. O'Farrell, 175 N. Y. 323.

The court erred in compelling defendant's case to be proceeded with as far as the exhausting of all challenges except one in the absence of the defendant: Com. v. House, 6 Pa. Superior Ct. 92; Prine v. Com., 18 Pa. 103;

It was error to lock up the jury: McCreary v. Com., 29 Pa. 323.

If Klein made a statement to James McCaig, 'Squire Kirby and defendant, Simon, it is certainly evidence for

the jury to consider in connection with the truthfulness of Klein's testimony: Batdorff v. Farmers' National Bank, 61 Pa. 179.

*Richard W. Martin,* with him *W. A. Blakeley* and *Warren I. Seymour,* for appellee.

OPINION BY MORRISON, J., November 21, 1910:

The defendant was indicted in the quarter sessions of Allegheny county on a charge of corruptly soliciting and receiving from John F. Klein $81.10 for his influence and vote as a member of council of the city of Pittsburg in securing the passage of an ordinance vacating South Seventh street. The defendant was also indicted on a charge of corruptly soliciting and receiving from John F. Klein the sum of $325 for his influence and vote as a member of council of the city of Pittsburg in favor of the passage of a certain ordinance directing the mayor to enter into contracts with certain banks of the city of Pittsburg for the deposit therein of the funds of said city. These indictments were tried together under Nos. 370 and 460 of March sessions, 1910, and the defendant was convicted and sentenced on both indictments. The appeal in No. 47, April Term, 1911, relates to the indictment first above mentioned and the appeal in No. 48, April Term, 1911, refers to the other indictment.

Counsel for appellant states in his history of the case, "But from the time of the calling of the jury, including verdict, until the appeal, both cases were treated as one, but one opinion being filed, and it being impossible to separate the charge of the court relating to one count and that relating to another, so that but one set of assignments of error is made to the rulings of the court." Manifestly the counsel means indictment instead of count. This opinion will be filed in No. 48, April Term, 1911, but it is intended to apply to both, except as to the eighth and ninth assignments of errnr.

The first three assignments of error are based on three

points presented by the defendant's counsel after the court had finished charging the jury. Because the points were not presented before the charge, as provided by the rule of court in Allegheny county, the learned court declined to read them to the jury, but marked them refused and allowed them to be filed. We think the court was justified in declining the points and under the rule they might have been refused and not filed. In addition to this, the first point does not correctly state the law and the court could well refuse it on the merits. It is not the law that the court must instruct the jury to acquit the defendant when the commonwealth relies on the testimony of accomplices alone: Com. v. Craig, 19 Pa. Superior Ct. 81. But there is still another reason why the first three assignments are not good. Not one of them quotes totidem verbis what the court said in refusing the same. The Supreme Court will not consider an assignment of error to an answer to a point where the assignment, although containing the point, does not quote the answer totidem verbis: Hall et al. v. Phillips, 164 Pa. 494. This court held the same in Dotterer v. Scott, 29 Pa. Superior Ct. 553. The first three assignments of error are dismissed.

The fourth assignment, as presented to us, contains two paragraphs, purporting to be taken from the charge of the court. The first paragraph evidently relates to the indictment against Klein in regard to South Seventh street. Referring to the charge we think the court sufficiently advised the jury of the rule that it is not considered safe to convict a defendant upon the uncorroborated testimony of accomplices, and that the court also correctly instructed the jury that they had the power to convict on the uncorroborated testimony of an accomplice, if his testimony satisfied them beyond a reasonable doubt of the defendant's guilt. Therefore, we do not sustain the fourth assignment in so far as it relates to the indictment in regard to South Seventh street.

The second paragraph is as follows: "As to the second ordinance, there of course, was the testimony of Stewart

that he had talked to Mr. Simon before; that he had told him that there would be money in this for him, and he would get more than the others. I think he said he had arranged with him as to the amount, or told him the amount. At any rate, he says he knew that Simon came to his place for the purpose of getting money, and the money had been put in an envelope there, and that is the last he knew of it. He said whether he got the money he could not positively say, but he knew that he had gone, and that the envelope was gone. That, of course, is very positive corroboration, if you believe it."

It is a conceded fact in the argument that the Stewart above referred to was an accomplice of Klein and the above quotation from the charge raises the very important question of whether one accomplice corroborates another, or, in other words, where two accomplices testify in support of a criminal charge against a third person, can the court say to the jury that one accomplice corroborates the other. We find that many of the text-writers, as well as the authorities in this state, and in several of our sister states, are strongly against the charge of the court to the effect that Stewart's testimony corroborated Klein.

In 1 Greenleaf on Evidence, sec. 381, it is said: "If two or more accomplices are produced as witnesses, they are not deemed to corroborate each other; but the same rule is applied and the same confirmation is required as if there were but one." In 3 Wigmore on Evidence, sec. 2059, note A: "It is clear, as to testimonial source of the corroboration, that it must be independent of the accomplice himself; it must rest on other than his credit. It is usually said that the testimony of another accomplice is not sufficient; yet the circumstances may sometimes render it sufficiently trustworthy." See also Taylor on Evidence, sec. 970; Underhill on Criminal Evidence, sec. 75. In Com. v. Clemmer, 190 Pa. 202, the same doctrine seems to have been recognized by our Supreme Court. In that case the defendant's thirteenth point was, "The testimony of Elizabeth DeKalb and Charles C. Kaiser, Jr.,

both being self-confessed accomplices, cannot be considered by the jury as corroborating each other; the testimony of each must stand alone, and it would be unsafe to convict the prisoner on such testimony unless such testimony is corroborated by other facts and circumstances independent of the testimony of both." The court below so instructed the jury and the opinion of the Supreme Court appears to approve the same.

Our own case of Com. v. Craig, 19 Pa. Superior Ct. 81, clearly recognizes that the testimony of accomplices should be corroborated and if not, then the jury should be advised that it is unsafe to convict on such uncorroborated testimony. In Cox v. Com., 125 Pa. 94, Mr. Justice PAXSON, for the Supreme Court, said: "The learned judge below did his full duty, under all the authorities, in cautioning the jury as to the danger of convicting upon the uncorroborated evidence of an accomplice. He was not bound to instruct them to acquit in the absence of corroboration." Many additional cases might be cited from other states to the effect that if two or more accomplices are produced as witnesses, they are not deemed to corroborate each other. We, therefore, conclude that the learned judge erred in his instruction to the jury as set forth in the paragraph above quoted from the fourth assignment to the effect that the testimony of Stewart was, of course, very positive corroboration, if you believe it. So much of the fourth assignment as is above quoted is sustained.

There is no merit in the fifth assignment. It does not appear that the court compelled the case to be proceeded with in the absence of the defendant. It appears that the defendant was in court in the morning of the day that the jury was selected; that he voluntarily went away and that his counsel was present and assisted in the selection of the jury. Moreover, it does not appear that the defendant or his counsel made known to the court any special objection to any juror. Nor does it appear that the defendant was deprived of the right to challenge any juror. The defendant came into court before the jury was fully chosen, and

before they were sworn. The fifth assignment is dismissed.

The language quoted in the sixth assignment, considered in connection with the whole charge, does not present reversible error and that assignment is dismissed.

The seventh assignment complains that "the court erred in locking up the jury during the entire trial and keeping them under the surveillance of the tipstaff." The question of keeping the jury together and in charge of an officer of the court during the trial, rested in the discretion of the trial judge, and the record discloses no abuse of discretion in that respect, nor is it made to appear that the defendant was in any manner harmed by the matter complained of in that assignment. The seventh assignment is dismissed.

We think the eighth assignment raises serious error on the part of the court. John F. Klein, witness for the commonwealth, was on the stand. He was a confessed bribe-giver and accomplice of the defendant, if the defendant was guilty of the crimes charged against him. On cross-examination defendant's counsel asked Klein the following: "I will ask you again if you did not state to 'Squire Kirby and Al. Simon, on a date one week or ten days prior to your confession at the Hotel Fort Pitt, that you could make a bunch of money out of the banks that were turned down if you could, by your testimony or by other means, in this case and others, have the bank ordinance declared illegal?"

"Objected to by the Commonwealth as not cross-examination and already ruled upon.

"By Mr. Piatt: It is asked in a different way now, and for the purpose of contradiction.

"Objection sustained and bill of exceptions sealed to the defendant.

"By Mr. Piatt: I offer it for the purpose of showing motive for the giving of his testimony here, and for the purpose of impeaching his credibility, and for the purpose of contradicting him.

"By the Court: The objection is sustained and bill of exceptions sealed to the defendant."

When we consider the position occupied by the witness Klein and the circumstances surrounding the case, and the fact that the commonwealth relied on Klein's testimony to prove that the appellant received the bribe, it is so manifest that the above question was proper and that the court should have overruled the objection and allowed it to be answered for the reasons stated by Mr. Piatt that we feel compelled to sustain the eighth assignment.

The ninth assignment raises substantially the same question as the eighth, the witness on the stand in this instance, however, being 'Squire Kirby. In our opinion, there was manifest error in the court sustaining the objection and excluding the evidence proposed to be offered as set forth in the ninth assignment. Upon a careful examination of the whole record and the arguments of counsel, we find ourselves entirely unable to justify the court in the ruling complained of in the eighth and ninth assignments of error. The ninth assignment is sustained.

We do not discover any merit in the tenth assignment and it is dismissed without discussion.

The judgment in Appeal, No. 48, April Term, 1911, is reversed with a venire facias de novo.