## Case No. 16,158.

UNITED STATES v. RICKETTS.

[1 Cranch, C. C. 164.] [1]

Circuit Court, District of Columbia. June Term, 1804.·

### ASSAULT—ACCOMPLICE.

If a man be present, and encourage an assault and battery, he is a principal.

Assault and battery upon Robert Abercrombie, a constable [by Benjamin Ricketts].

Mr. Mason, for the United States, moved the court to instruct the jury, that if the defendant was present and aiding, abetting, or encouraging the assault and battery, he was a principal.

Mr. Jones, for defendant, contended that it was necessary he should have been present, and aiding, and abetting, and encouraging.

THE COURT (nem. con.) gave the instruction. 1 Hawk. P. C. 58; 2 Hawk. P. C. 438; 2 McNally, Ev. 524.

---

## Case No. 16,159.

UNITED STATES v. RICKETTS.

[2 Cranch, C. C. 553.] [1]

Circuit Court, District of Columbia. April Term, 1825.

### ADMINISTRATORS—DEVASTAVIT—SURETY ON COLLECTOR'S BOND—JUDGMENT.

1. If the administrator of the surety in a collector's bond pay away the assets of his intestate in payment of the intestate's debts, before notice of the claim of the United States, such payment is not a devastavit.

2. The United States, in an action upon a collector's bond, cannot obtain judgment against the surety for more than the penalty of the bond.

Debt upon the official bond of C. Simms, late collector for the port of Alexandria, in the penalty of $10,000, and in which bond the defendant's intestate, J. T. Ricketts, was a surety. The defendant had paid away the assets of the estate of his intestate, J. T. Ricketts, in the payment of his debts, before notice of the claim of the United States for the balance due by the collector to them, amounting to $17,000.

Mr. Hewitt, for defendant, contended that the payment of the debts of the intestate, by his administrator, the defendant, was not a devastavit, and cited the case of U. S. v. Fisher, 2 Cranch [6 U. S.] 390, where Chief Justice Marshall, in a note, gives his own opinion that such a payment, without notice, is not a devastavit.

The question being submitted, this court was unanimously of the same opinion, and also that in this action the judgment could not exceed the penalty of the bond.

Mr. Swann, U. S. Dist. Atty.

Hewitt, Mason & Taylor, for defendant.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 16,160.

UNITED STATES v. RICO et al.

[Hoff. Dec. 48.]

District Court, N. D. California. Jan. 25. 1862.

### MEXICAN LAND GRANT—CONFIRMATION OF CLAIM—CONCLUSIVENESS.

[In a proceeding to correct a survey under the act of 1860, the district court has no jurisdiction to review and reverse the final decree, whereby the genuineness and validity of the claim was established.]

[Claim of Francisco Rico and J. A. Castro to the Rancho del Rio Estanislao, comprising eleven leagues of land in Stanislaus county. On objections to the survey.]

HOFFMAN, District Judge. The claim in this case was confirmed by the board, and that decision was affirmed in this court, though not without much doubt as to the genuineness of the title papers. Case No. 16,161. An appeal was taken to the supreme court, which was subsequently ordered to be dismissed by the attorney general. The usual stipulation was thereupon made by the district attorney, and an order entered vacating the order granting an appeal, and allowing the claimants to proceed under the decree of this court as under final decree. A survey of the land confirmed has accordingly been made, and it was returned into court on the application of the United States, pursuant to the provisions of the act of 1860. On the return of the survey objections to it were filed, and the parties permitted to take proofs.

The only objection presented on the part of the United States is, that the grant is false and fraudulent, and the signature of the governor and seals upon the papers forgeries. Proofs in support of this allegation have been taken, and the question is now presented, whether these proofs are admissible, and whether the court has jurisdiction, at this stage of the cause, to reopen it for further proofs, and to review and reverse the decree heretofore rendered.

It may be observed that the proofs offered are of a nature to leave no doubt as to the fraudulent character of the claim, and if the court has jurisdiction to receive them, and decree accordingly, the claim must certainly be rejected. It must also be mentioned that the present parties in interest are innocent, bona fide purchasers, who paid a large consideration in money after the dismissal of the appeal and the filing of the consent of the district attorney that the claimants might proceed under the decree of this court, as under final decree.

The point is thus presented in the strongest form in which it could arise. On the one side, an unquestionably fraudulent claim confirmed by a decree of this court, which has become final by express stipulation and consent; and on the other side, the rights of innocent third parties, who have acquired their interests and parted with their money relying on the supposed final adjudication of the court. Prior to the