## Case No. 15,427.

### UNITED STATES v. HUNTER.

[5 Mason, 229.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1828.

INSOLVENCY—ACTIONS BY ASSIGNEE—PRIORITY OF UNITED STATES.

1. Where the assignee of an insolvent debtor recovers a demand, and expenses are incurred thereby, the latter are a charge on the fund, and the right of priority of payment of the United States attaches on the residue.

[Cited in U. S. v. Eggleston, Case No. 15,027.]

[Cited in brief in Jack v. Weiennett, 115 Ill. 107, 3 N. E. 445.]

2. The United States are not bound to contribute, pro rata, for the sum due to them.

This was a bill in equity, upon the coming in of the answer to which, and a hearing thereupon, the case was by an interlocutory decree of the court referred to a master at the June term last. [Case No. 15,426.] And now, at the present term, the master made his report. That part of it, which related to the question hereinafter raised, was as follows: "I find and report, that the claim of the United States on the two judgments set forth in the pleadings, amounts on the 15th day of November inst. to the sum of $5064.17; that the said William Hunter received from the treasury of the United States, on the claim set out in the pleadings, $8158.81; from which sum I have deducted $1386.04 for the said Hunter's services, commissions, and expenses, in preferring and prosecuting the claim before the board of commissioners, and for receiving the money from the treasury of the United States, leaving a balance in his hands of $6772.78, subject to the claim of the United States. The defendant contended at the hearing, that the United States were bound to contribute towards the expenses, which had accrued in recovering the money, in proportion, as their debt bore to the whole amount recovered by the defendant from the United States on the claim in question; and that the same should be deducted from their debt. But I have decided, that the expenses should be deducted from the gross amount recovered on the claim; and that the priority of the United States attached on the residue, from and out of which they were entitled to receive their debt in full, if sufficient remained for that purpose."

Upon the coming in of the report, the defendant insisted, by way of exception, on the point respecting contribution, which he had contended for before the master, and which was overruled by the master.

Mr. Greene, Dist. Atty., in support of the report.

Mr. Robbins, for defendant.

STORY, Circuit Justice. The court are of opinion, that the master was right, and there-fore overrule the exception. The expenses of recovering the money are first to be deducted from the gross proceeds received by the defendant, as a charge thereon. The neat amount, after all deductions, is that alone, which he is compellable to distribute; and to that the right of priority of the United States attaches. That is the fund, from which they are to receive payment; and, until it is exhausted, their right of priority to the extent of satisfaction is fixed. It is like the common case of administration. There, the expenses are first deducted, and the residue is what is distributable according to the priorities established by law. Decree accordingly.