THE UNITED STATES OF AMERICA, Respondent, v. WILLIAM HAHN, Administrator of the Estate of HERMAN WIENER, Appellant.

St. Louis Court of Appeals, November 19, 1889.

1. **Administration : CLAIMS OF THE UNITED STATES.** Under the federal statute the United States has the right to priority of payment, over other creditors, out of property of an insolvent estate which is not required for the payment of costs of administration, or of the widow's dower or allowances, and which is not subject to liens.

2. ――――. The claims of the United States must, if known to the administrator, be paid out of funds applicable thereto, without any allowance or classification thereof by the probate court, notwithstanding . that the statutes of the state contain no provision therefor.

*Appeal from the St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Rassieur & Schnurmacher*, for the appellant.

The United States will respect the state laws governing the administration of the estates of decedents, and

the claim of the government against such an estate must therefore be presented for classification. *Yonley & Lavender*, 21 Wall. 276. The probate court possesses only statutory powers. Its duty is to classify all demands and then to direct their payment in the order and in the manner pointed out by the statutes concerning administration. *Burckhartt v. Helfrich*, 77 Mo. 376; *Bank v. Suman*, 79 Mo. 527. The priority given to the United States does not extend to property of the insolvent debtor, to which the rights of third persons have attached, before the debt to the government accrued. *Brent v. Bank*, 10 Pet. 596; *Thelusson v. Smith*, 2 Wheat. 396. When the settlement was filed the amount then on hand belonged, under the statute, to creditors whose demands have been established and placed in the fifth class. The suit of the government had not then been determined, and did not constitute a debt.

*George D. Reynolds*, U. S. District Attorney, for the respondent.

This demand accrued in this case at the time of the breach of the bond (not as appellant's counsel contends, at the time of the rendition of the judgment). Respondent did all the law of this state required it to do, or that it could do thereunder, by exhibiting a copy of this judgment in the probate court (R. S. 1879, sec. 191), and it then became the duty of the probate court to classify it (if there had been any law, which there is not, for its classification) for payment. R. S., sec. 210. And, in the absence of any law for its classification, it was the duty of the probate court to order its payment by the administrator as a preferred claim under the paramount law of the United States (R. S. U. S., sec. 3466), and, in the event of his failure or refusal to do so, he would have become personally liable to respondent, as he had ample funds in his hands, unappropriated and

bound by no lien, with which to pay it. R. S. U. S., sec. 3467.

ROMBAUER, P. J., delivered the opinion of the court.

In January, 1884, the plaintiff instituted suit against the defendant as administrator of Herman Wiener, on a liability of said Wiener to the United States, and caused him to be served with process on the twenty-second day of said month. Such proceedings were had in prosecuting plaintiff's claim, that thereafter on April 27, 1886, the plaintiff recovered a judgment against defendant, in the circuit court of the United States, for the penal sum of two thousand dollars to be satisfied on the payment of eight hundred and eleven dollars and seventy-one cents and costs. This judgment the plaintiff exhibited in the probate court of the city of St. Louis, and requested the court to make an order upon the defendant as administrator to pay the same, it appearing that there were sufficient funds in the hands of the administrator for that purpose, free from all prior liens. The court refused to make the order, and the plaintiff appealed to the circuit court, where the judgment of the probate court was reversed and that court directed to make the order as prayed for. From this last judgment the defendant appeals to this court.

The Revised Statutes of the United States provide, among other things :

" Section 3466. Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied.

" Section 3467. Every executor, administrator or assignee, or other person, who pays any debt, due by

the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

These sweeping provisions have been equitably limited by the judicial construction of the federal courts, so as to deprive them of all hardship. It is now settled by a series of adjudications that the claim of the United States is entitled to no precedence over the widow's dower or allowances ( *Postmaster General v. Robbins*, 1 Ware, 165, 167), nor over costs and expenses of administration ( *United States v. Hunter*, 5 Mason, 229, 230), nor over liens to which the property has been subjected either by the voluntary action of the debtor or *in invitum*.  *Brent v. Bank of Washington*, 10 Pet. 596 ; *Thelusson v. Smith*, 2 Wheat. 396. It may also be conceded that where the administrator or assignee has paid other claims against the estate, before he has any notice of a claim of the United States, he does not become liable to the latter under the provisions of section 3467.  *United States v. Fisher*, 2 Cranch. 358 ; *United States v. Ricketts*, 2 Cranch, C. C. 553 ; *United States v. Eggleston*, 4 Sawy. 199.

But the facts of the case at bar do not bring it within any of the exceptions engrafted on the law by judicial construction, either directly or by analogy. Here it distinctly appears that the administrator had notice of the claim as early as January 22, 1884, and that, at the date of his second annual settlement, he had an amount of fourteen hundred and seventy-two dollars and ninety-six cents in his hands available for the payment of debts, which amount for all that the record shows is still so available. Nor does it appear that after payment of all costs and expenses of administration the amount left in his hands is not amply sufficient

to discharge the claim of the United States, nor that such amount is subject to any lien whatever.

The fact that our laws make no provision for the classification of these demands is wholly immaterial, because the laws of the United States, which are of paramount authority, have made such classification by providing that such debts shall first be satisfied out of the debtor's estate. Allowance and classification by the probate court is not essential to justify the administrator to pay certain preferred claims. It is made his duty by our statute to pay all taxes due the state, or any county, city or town, without any demand therefor being presented to the court for allowance, and to pay them in preference to all claims except funeral expenses and expenses of the last sickness. In the same manner it is made his duty by the statute of the United States to pay debts due to it, of which he has notice, in preference of all claims except those which are entitled to preference under the construction which the law received.

Technically, no order of the probate court was necessary in this instance, and that court might have refused the order on that ground, without committing technical error. But as this appeal is prosecuted for the sole purpose of obtaining the views of a court of final jurisdiction as to the administrator's duties in the premises, we must affirm the judgment, being prohibited by statute from reversing it for error not materially affecting the merits. With the concurrence of all the judges, the judgment of the circuit court is affirmed.