# Potter *v.* Lehigh Valley Railroad Company, Appellant.

*Agents—Money paid to agents—Mistake of fact—Recovery back.*
Money paid under a mistake of fact to one who was not entitled thereto may be recovered, even though the plaintiff paid the money imprudently.

In an action to recover the amount of money paid under a mistake of fact to the agent of the defendant who had misrepresented the account, the verdict for the plaintiff will be sustained where there was sufficient evidence that the plaintiff had made the payments in question, and that the defendant had not changed its position in consequence of such payments.

Argued November 22, 1922. Appeal, No. 210, Oct. T., 1922, by defendant, from judgment of C. P. Bradford Co., May T., 1919, No. 238, on verdict for plaintiff in case of O. F. Potter v. Lehigh Valley Railroad Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money alleged to have been paid under a mistake of fact. Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,138.39, and judgment thereon. Defendant appealed.

*Errors assigned* were various answers to points, charge of court, and refusal of defendant's motion for judgment non obstante veredicto.

*J. Roy Lilley* and *William P. Wilson,* for appellant.

*John C. Ingham,* for appellee.

OPINION BY LINN, J., December 14, 1922:

This is an appeal from judgment on a verdict in a suit to recover money paid under mistake of fact. For several years following June, 1914, plaintiff paid freight bills due defendant by handing to its freight agent checks drawn to defendant's order in amounts stated by the agent at the time of payment to be the total of a lot of bills then delivered to plaintiff, the bills having accumulated because plaintiff was on defendant's credit list. Plaintiff did not verify the additions until after discovering the agent's dishonesty in October, 1917; then he audited his bills, found the overcharge, and in December, 1917, brought this suit to recover it. The checks were deposited to defendant's credit and were duly collected. There was no evidence that defendant had changed its position in consequence of the payments.

At the trial, defendant contended that plaintiff's carelessness precluded recovery; that defendant's agent was also the agent of the American Express Company, and at times included express bills in the lot of freight bills presented, and at times received checks to the order of the express company, while at other times checks were drawn to the agent's own order, and that therefore the express company should have been joined as a codefendant.

The jury was instructed to determine from the evidence what the overpayment to the defendant was, and

in doing so to exclude all payments by checks drawn to the order of the express company or to the agent personally. It rendered a verdict for $1,138.39,—a sum substantially less than the total overpayment by checks drawn in the three forms mentioned. Defendant had requested binding instructions, for several reasons: First, that the agent was acting as the joint agent of the railroad company and the express company; second, plaintiff's remedy was in equity and not in assumpsit; third, that plaintiff's negligence "stops him from recovering in this action." Instead of passing on these requests at the trial, the court reserved the question whether there was any evidence in the case entitling the plaintiff to recover. The reservation was argued on the motion for judgment n. o. v. and the court held the evidence was for the jury, and adequately supported the verdict.

We find no merit in the appeal. On the evidence, the character of which has been sufficiently indicated, the jury was justified in finding the payment made under mistake of fact in circumstances requiring defendant to repay what its dishonest agent collected for its account. There is no evidence that the agent was the joint agent of the defendant and the express company, though he was employed by each, and acted for each, and may at the same time have done something for each, his acts were separate and not joint in any legal sense; the criterion is not time of performance but the character of the act. If there had been any evidence creating dispute about the capacity in which the agent acted in receiving the checks, it would have been the duty of the jury to find the fact, but there was no dispute. Moreover, as appellee contends, if the point had merit, the objection came too late; it was not alleged in the affidavit of defense. It would also have been wrong to direct a verdict for the defendant on the ground that equity had jurisdiction; no equitable right was involved; if a bill had been filed, it would on request have been certified to the

law side of the court. From what has been said, it is apparent there is nothing in the record "which stops [plaintiff] from recovering in this action." On familiar principles, recently considered at length, the plaintiff was entitled to recover money paid to defendant under a mistake of fact even though he paid imprudently, the defendant not having changed its position: Kunkel v. Kunkel, 267 Pa. 164, and cases cited in the opinion.

Judgment affirmed.