## Estate of Annas Melton Jones, Deceased.

*Decedent's estate—Debts due the United States—Preferences—Children's exemption.*

A debt of a decedent due the United States, although entitled to priority to the claims of other creditors, is not to be preferred to a claim for exemption filed by the children of the decedent.

Submitted October 22, 1924. Appeal, No. 166, Oct. T., 1924, by United States of America, from decree of O. C. Phila. Co., July T., 1923, No. 2083, sustaining exceptions to adjudication in the case of Annas Melton Jones, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before THOMPSON, J.

The facts are stated in the opinion of the Superior Court.

170, (1924).]          Opinion of the Court.

The court erred in sustaining the exceptions filed, which was dissented to by THOMPSON, J. From this decision an appeal was taken by the United States.

*Error assigned* was the sustaining exceptions.

*George W. Coles*, for appellant.

*Israel K. Levy*, for appellee.

OPINION BY GAWTHROP, J., December 12, 1924:

This is an appeal from a decree of the Orphans' Court of Philadelphia County. It appears that Annas Melton Jones died in September, 1922, survived by two minor children as his next of kin. The account of the administratrix showed a balance of less than $500. The guardian of the minors claimed the balance as the children's exemption under section 12 of the Fiduciaries Act of 1917. It was also claimed by the United States because of an over-payment to the decedent by the government. It appears that the decedent was entitled to and received compensation in his lifetime from the United States Veterans' Bureau for disabilities incurred while in service in the late war; that under a mistake of fact over-payments in excess of $250 were made to him, and that the $250 on deposit at the time of his death was part of these over-payments. The court below awarded the entire balance of $428.74 to the guardian on account of the children's exemption. The contest is between the guardian and the United States, the latter contending that where it, through a mistake of its disbursing officers, pays a greater sum of money to a person than is legally due him, there is a trust relation created between it and the payee as to the excess payment, and that equity will decree that the moneys paid by mistake be paid out of the assets of the person upon his death to the exclusion of the claim of the minor children for their exemption under section 12 of the Fiduciaries Act of 1917.

Money paid under mistake of fact may be recovered through the ordinary channels of the law. The appropriate action is assumpsit for money had and received. No equitable right is involved: Potter v. Lehigh Valley R. R. Co., 80 Pa. Superior Ct. 237. We adopt the conclusion of the learned president judge of the court below that "the relation between the parties is that of debtor and creditor, not that of trustee and cestui qui trust. The fact that the one who has received the excess payment, has still a balance of the sum received by him, and deposited by him, and remaining unused, does not warrant an order for a return in kind of the specific thing; there is, in the circumstances, no specific thing to return. By virtue of the deposit the bank has become a debtor to its depositor, and because of the over-payment the depositor is in turn a debtor to the government." When the government through mistake of fact paid the deceased more than was due him, title to the money passed from the government to the payee. The question here is not whether the deceased could in good conscience keep the money, but whether title passed. If the government failed to pursue its remedy by action of assumpsit, the only course left for it was to present its claim as a creditor at the audit of the account in the orphans' court. It is true that a debt due the United States has priority over any and all claims of any other creditors. This priority is given by section 3466, Revised Statutes of the United States, which provides: "Whenever any person indebted to the United States is insolvent, or whenever the estate or any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied." (See page 687 of Revised Statutes of the United States, 2d ed., 1878).

While the Fiduciaries Act of 1917, which is a reënactment of the Act of February 24, 1834, P. L. 73, relating to payment of debts of a decedent, and the order of such payment, does not give the United States such prefer-

ence, the early decisions in this State compel us to read the preference into our law. It was held in Commonwealth, to the use of the United States v. Lewis, 6 Binney (1814), 266, that a debt due to the United States by a deceased revenue officer is entitled to priority of payment from his administrators under the law of this Commonwealth, whether the debt arose before or after the Act of Congress of March 3, 1797, which is section 3466 of the Revised Statutes. To the same effect is the decision in Estate of Edgar M. Gregory, 11 Phila. 126.

But it does not follow that the government's right over the claims of other creditors gives it priority over the claim of the children of the deceased for their exemption. Section 916 (June 1, 1872) of Revised Statutes of the United States provides as followes: "The party recovering a judgment in any common law cause in any circuit or district court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the State in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such circuit or district court; and such courts may, from time to time, by general rules, adopt such state laws as may hereafter be in force in such state in relation to remedies or judgments, as aforesaid, by execution or otherwise." (Page 175 of Revised Statutes of the United States, 2d ed., 1878). It was held in Fink v. O'Neil, 106 U. S. Rep. 272, that the State of Wisconsin had the power to enact a law exempting the property of a debtor from execution sued out by the United States. The exemption statute involved in that case was in force at the time the Act of Congress of June 1, 1872, just quoted, became effective; in his opinion Mr. Justice MATTHEWS says, at page 279: "......it also follows that the exemption has thereby become a law of the United States within that state, and applies to executions issued upon judgments in civil causes recovered in their courts in their own name

and behalf, equally with those upon judgments rendered in favor of private parties." To the same effect are Thompson v. M'Connell, 107 Fed. Rep. 33, and Allen v. Clark, 126 Fed. Rep. 738. We agree with the learned president judge of the court below and adopt his conclusion that, by analogy, in that the widow's exemption under the Acts of March 21, 1821, P. L. 178; February 24, 1834, P. L. 73; April 25, 1850, P. L. 569, and April 14, 1851, P. L. 613, was an outgrowth of the Debtors' Exemption, and in that the Act of April 14, 1851, P. L. 613, was the law of Pennsylvania at the time the United States Statute of 1872, aforesaid, became effective, it would seem to follow that the widow, (and in the instant case the wife predeceased her husband) or, in the alternative, the children, where there is no widow, or where she for legal reasons cannot take, is entitled to the exemption.

We have given careful consideration to the printed argument presented by the learned attorney for the government, but are unable to agree with his contention.

The assignments of error are overruled and the decree is affirmed.