134

## Gobrecht's Estate

*Ernest F. Ritter*, for accountant.

*Alfred K. Hettinger* and *Edwin L. Kohler*, for claimants.

GEARHART, P. J., February 4, 1943.—Mary D. Gobrecht, administratrix of the estate of Everett J. Gobrecht, deceased, has filed her account. The estate is insolvent. After payment of administration expenses and the widow's exemption, there remains a balance for distribution among the creditors of $266.84. The United States Government has presented its claim in the amount of $206.85, representing the income tax of decedent for the taxable year 1941. The undertaker who buried decedent has also presented his claim on which there is an unpaid balance of $294.88.

The United States Government claims a preference by reason of section 3466 of the Revised Statutes, 31 U. S. C. §191, which reads, in part, as follows:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased

debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied . . . ."

The purpose of this law was to secure adequate revenue to sustain public burdens and to that end this section must be construed liberally: Price v. United States, 269 U. S. 492; Kuhn's Estate, 146 Pa. Superior Ct. 1.

It has been held in Kuhn's Estate, supra, that this section of the Federal enactment is paramount to section 13 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §501, which prescribes the order in which the debts of decedent should be paid. That section reads as follows:

"All debts owing by any person within this State at the time of his decease shall be paid by his executors or administrators, so far as they have assets, in the manner and order following; namely,—One, funeral expenses, medicine furnished and medical attendance given during the last illness of the decedent, and servants' wages, not exceeding one year . . ." See Kuhn's Estate, supra, and cases cited.

With regard to the preference of the United States Government, the court in United States v. Hahn, 37 Mo. App. 580, after reciting section 3466 of the Revised Statutes, said (p. 583) :

"These sweeping provisions have been equitably limited by the judicial construction of the federal courts, so as to deprive them of all hardship. It is now settled . . . that the claim of the United States is entitled to no precedence over the widow's dower or allowances (*Postmaster General v. Robbins*, 1 Ware, 165, 167 [Fed. Cas. No. 11314]), nor over costs and expenses of administration (*United States v. Hunter*, 5 Mason, 229, 230 [Fed. Cas. No. 15427]) . . ." See also Jones' Estate, 84 Pa. Superior Ct. 170.

Likewise it has been held that the same principle applies as regards funeral expenses, which are due not from the deceased, but from the estate: Postmaster General v. Robbins (1829; D. C.), 1 Ware 165, Fed. Cas. No. 11,314; United States v. Eggleston (1877; C. C.), 4 Sawy. 199, Fed. Cas. No. 15,027; Re Stiles (1926), 126 Misc. 715, 215 N. Y. Supp. 134. But as regards expenses of the last sickness of the debtor the general rule applies, and the United States is entitled to priority over them, since such expenses are debts due from the debtor: Postmaster General v. Robbins (1829; D. C.), 1 Ware 165, Fed. Cas. No. 11314; United States v. Eggleston (1877; C. C.), 4 Sawy. 199, Fed. Cas. No. 15,027 (cited in annotation in 77 Law. Ed. 778).

The decisions deny priority to the Government with respect to funeral expenses on the theory that funeral expenses and burial are not debts of the decedent. They can arise from no request or obligation of the decedent, expressed or implied, unless it might be in the provisions of a will. They are liabilities and charges against the estate, raised by and imposed by law as distinguished from obligations arising by some act or promise of the decedent. They stand in the same category as the expenses of administration: Snyder v. Thieme & Wagner Brewing Co., 173 Ind. 659, 664, 90 N. E. 314, Ann. Cas. 1912A, 774; Sullivan v. Horner, 41 N. J. Eq. 299, 7 Atl. 411. See In re Stiles' Estate, 215 N. Y. Supp. 134.

In United States v. Eggleston, 4 Sawy. 199, Federal case No. 15,027 (1877), the court said (p. 204):

"The two items of taxes and funeral charges are 'not debts due from the deceased', but charges imposed by the law of the state which the administrator is bound to discharge in the performance of his trust before satisfying any claim of the United States as a creditor of the deceased."

However, with respect to taxes see Spokane County et al. v. United States, 279 U. S. 80, and New York v. Maclay et al., 288 U. S. 290. In the latter two cases cited it was held that the United States Government had a preference over county taxes due by a corporation.

In examining the Pennsylvania cases, we have not come across a case where this precise problem has arisen. It seems from the decisions that the widow's exemption (Jones' Estate, supra, and cases cited), together with the funeral expenses, stands in a separate category, and section 3466 of the Revised Statutes does not give the Government priority over those claims. All the cases, both Federal and State, that we have been able to find and which have been cited, hold that a reasonable expenditure for funeral purposes may be allowed before payment of the United States Government's claim.

The funeral bill amounts to $594.88, of which $200 has been paid and credit claimed in the account. The question has arisen as to what should be considered a reasonable expenditure for the burial of decedent. The estate is insolvent and the accountant charges himself with $1,183.78.

It is elementary that an undertaker may recover from the estate only to the extent of a funeral suitable to the station in life of the decedent as well as not disproportionate to the size of the estate; in other words, reasonable under all the circumstances: Ennis' Estate, 76 Pa. Superior Ct. 292; O'Hara's Estate, 118 Pa. Superior Ct. 558. In the latter case it is stated (p. 562):

"It has been the wise policy of the courts to approve only claims for funeral expenses that bear a fair and reasonable proportion to the amount of the estate of a deceased and his situation in life. When undertakers make sales of expensive caskets and pretentious burial

accessories, they run the risk of having their claims disallowed."

In fairness to the undertaker, we should here state there is no question that his charges for the services rendered were the fair and usual charges made for that type of funeral. The rub in the matter is not the question of rendering services at a fair value but the expenditure of too large a sum of money by the administratrix for a funeral under the circumstances.

We have given consideration to all the facts submitted by the undertaker, including the matter of shipping the body to Hanover, Pa., for burial there, fees advanced to clergymen, clothing, etc. Under all the circumstances we find that $300 would have been a fair and reasonable amount to expend for the funeral. Accordingly, we now allow the undertaker $100 in addition to the $200 which he has received. As for the balance of his bill, he must look to the party with whom he contracted. The balance of the fund in accordance with section 3466 of the Revised Statutes is awarded to the United States Government in payment of their claim.

Now, February 4, 1943, the account is confirmed and the accountant will distribute the balance in hand, as follows:

BALANCE IN HAND FOR DISTRIBUTION:— $266.84
J. S. Burkholder, undertaker,
    a/c claim ............... $100.00
United States Government,
    a/c claim, balance......... $166.84
                 ——————— $266.84

This decree to become final unless exceptions are filed within 10 days herefrom.