## Beaver Trust Co. v. Prigg

*Reed & Ewing,* for plaintiff.

*W. N. Dinsmore,* for defendant.

Sohn, J., June 9, 1947.—Beaver Trust Company, plaintiff, brought an action in assumpsit against Robert Prigg, also known as Robert J. Prigg. In the complaint it is alleged that on March 24, 1947, defendant received a check in the sum of $801.20, drawn by the Doolittle Motor Company on Beaver Trust Company. The check was payable to defendant and was endorsed and negotiated by defendant. On March 25, 1947, it is alleged that defendant obtained a duplicate check from the Doolittle Motor Company upon the representation that defendant had endorsed the check and lost it. Doolittle Motor Company stopped payment on

the first check. On March 25, 1947, defendant presented the duplicate check to plaintiff and the check was paid. On March 29, 1947, the original check was presented for payment and it is alleged that due to a mistake of an employe of the bank, the check was honored. It is alleged that defendant thus received $801.20 more than he was entitled to receive.

Counsel for defendant filed preliminary objections to plaintiff's statement. These objections are (1) that the complaint does not set forth sufficiently any facts showing whereby defendant illegally obtained any funds from defendant; (2) the complaint is insufficient in that it does not show any contractual relationship or privity of contract existing between plaintiff and defendant; (3) the complaint does not allege any sufficient legal demand upon defendant or other endorsers of the check for the amount claimed to be unlawfully paid to defendant. Counsel for defendant contends that there is no legal obligation on defendant to return the amount claimed, and defendant relies on an annotation, 39 A. L. R. 1239, which would seem to support defendant's contention. There is cited in this annotation, National Loan and Exchange Bank of Columbia v. Lachovitz, 131 S. C. 432, 128 S. E., 10, in the Supreme Court of South Carolina. The decision in this case supports the position of defendant, but is referred to in the annotation as standing alone on this legal proposition.

We are of the opinion the preliminary objections to plaintiff's statement must be overruled and defendant required to file an answer. We believe the questions involved in this case are controlled by the case of the Greenwich Bank v. Commercial Banking Corp., 85 Pa. Superior Ct. 159. In that case, a check drawn on plaintiff was delivered to defendant. Payment was refused for want of sufficient funds. Another check was drawn on plaintiff and delivered to defendant. This check was paid in due course. Defendant had the original

check presented for payment the second time, and plaintiff refused to pay the check. Through an error of one of the employes, the check was not returned to the New York Clearing House, and under the rules of the clearing house, plaintiff was required to pay the check. The result of the transaction was that defendant was twice paid. On trial before Judge (now Mr. Justice) Stern, the court directed a verdict in favor of plaintiff. An appeal was taken to the Superior Court. Judge Keller, for the Superior Court, said (p. 162) :

"As we view it, three things contributed to bring about the double payment which defendant has received. First, the error of the plaintiff bank; second, the failure of defendant to withdraw the check from collection, on receipt of the check given in substitution for it; third,—growing out of such failure,—the ignorance of the several banks, parties to such payment, as to the true state of facts respecting check No. 119, and its virtual satisfaction by payment of the checks given in substitution for it. The Greenwich Bank acted under the belief that it was dealing with a live and valid check of Berner's instead of one that had been discharged by payment. It was ignorant of the check's true status at the time payment was made by it. The payment by the Greenwich bank was, therefore, made under a mistake of fact, which, moreover, did the defendant no harm. The defendant is in possession of money of the plaintiff which in good conscience it is not entitled to keep and the law requires its return.

"It is of no moment that no privity of contract existed between the plaintiff and defendant. 'Where one has in his hands money which in equity and good conscience belongs and ought to be paid to another, an action for money had and received will lie for the recovery thereof. No privity of contract is necessary to sustain this action, for the law, under these circumstances, implies a promise to pay': McAvoy & Mc-

Michael v. Com. Title Ins. & Trust Co., 27 Pa. Superior Ct. 271; Humbird v. Davis, 210 Pa. 311, 319, 320.

"Nor does it matter that the negligence of the plaintiff contributed to the double payment. 'Negligence in making a mistake does not deprive a party of his remedy on account thereof; it is the fact that one by mistake unintentionally pays money to another to which the latter is not entitled from the former, that gives the right of action': Kunkel v. Kunkel, 267 Pa. 163, 169; Meredith v. Haines, 14 W. N. C. 364, 366. Especially so, in view of the fact that the defendant will sustain no damage if compelled to repay the money: Donner et al. v. Sackett, 251 Pa. 524, 528; nor be placed in a worse condition than if the money had not been paid: Girard Trust Co. v. Harrington, 23 Pa. Superior Ct. 615, 620; Union Trust Co. v. Gilpin, 235 Pa. 524, 529; Potter v. L. V. R. R. Co., 80 Pa. Superior Ct. 237, 240."

A. L. I., Restatement of the Law of Restitution, §34, is as follows:

"The holder of a bill of exchange or promissory note who, under the rules stated in §§30-33, otherwise would be entitled to retain the amount received in payment thereof, is under a duty of restitution to the payor who paid because of a mistake of fact, if

"(a)  he made a misrepresentation causing the mistake, or,

"(b)  at the time of payment he suspected or had reason to know of the mistake of the payor, except where before such time he had acquired a contractual right to receive payment, or

"(c)  having received payment, he learned facts from which he had reason to know of the payor's mistake, and failed to use care to notify the payor, to the extent that the payor has been thereby prevented from obtaining restitution from a third person."

We think these citations answer the first two contentions of defendant.

In paragraph 11 of plaintiff's complaint, it is alleged "though plaintiff has made demand upon defendant, in the sum of $801.20, defendant has refused and neglected to pay said indebtedness." This allegation answers defendant's third objection. Defendant's preliminary objections will therefore be overruled.

### Order

And now, to wit, June 9, 1947, it is ordered, adjudged and decreed that defendant's preliminary objections to plaintiff's statement be, and they are hereby overruled; defendant shall have the right to plead over within 15 days from this date.